**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| In re: | ) Case No. 17-47541-659 |
| | ) CHAPTER 11 |
| ARMSTRONG ENERGY, INC., *et al.*,[1] | ) |
| | ) (Joint Administration Requested) |
| | ) |
| Debtors. | ) Hearing Date:  November 2, 2017 |
| | ) Hearing Time:  1:15 p.m. CT |
| | ) Hearing Location: Courtroom 7 North |
| | ) |

**DEBTORS' APPLICATION FOR AN ORDER
(I) APPROVING THE APPOINTMENT AND RETENTION
OF DONLIN, RECANO & COMPANY, INC. AS THE CLAIMS
AND NOTICING AGENT TO THE DEBTORS, EFFECTIVE *NUNC PRO
TUNC* TO THE PETITION DATE AND (II) GRANTING RELATED RELIEF**

Armstrong Energy, Inc. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"),[2] respectfully state the following in support of this application (this "Application"):

**Relief Requested**

1.      By this Application, the Debtors seek entry of an order (the "Proposed Order"):[3]

(a) authorizing and approving the retention and appointment of Donlin, Recano & Company, Inc.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include:  Armstrong Energy, Inc. (4058); Armstrong Air, LLC (2017); Armstrong Coal Company, Inc. (0349); Armstrong Coal Sales, LLC (8643); Armstrong Energy Holdings, Inc. (5664); Armstrong Logistics Services, LLC (0392); Thoroughfare Mining, LLC (7890); Western Diamond LLC (9356); Western Land Company, LLC (9821).  The location of the Debtors' service address is:  7733 Forsyth Boulevard, Suite 1625, St. Louis, Missouri 63105.

[2]    A detailed description of the Debtors and their businesses, and the facts and circumstances supporting this application and the Debtors' chapter 11 cases, are set forth in greater detail in the *Declaration of Alan Boyko of Armstrong Energy, Inc., in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously herewith and incorporated by reference herein.

[3]    A copy of the Proposed Order will be provided to the Notice Parties (as defined below) and made available on the Debtors' case information website at https://www.donlinrecano.com/armstrong.

("DRC") as claims and noticing agent (the "Claims and Noticing Agent") for the Debtors *nunc pro tunc* to the Petition Date (as defined herein), and (b) granting related relief. In support of this Application, the Debtors submit the declaration of Roland Tomforde (the "Tomforde Declaration"), attached hereto as **Exhibit A**.

2. Although the Debtors have not yet filed their schedules of assets and liabilities, they anticipate that there will be in excess of 3,600 entities to be noticed. In view of the number of anticipated claimants and the complexity of the Debtors' business, the Debtors submit that the appointment of a claims and noticing agent is both necessary and in the best interests of both the Debtors' estates and their creditors. The Debtors' specific selection of DRC to act as the Claims and Noticing Agent is appropriate under the circumstances and in the best interests of the estates. In particular, the Debtors submit, based on all engagement proposals obtained and reviewed, that DRC's rates are competitive and reasonable given DRC's quality of services and expertise. The terms of retention are set forth in the Standard Claims Administration and Noticing Agreement (the "Engagement Agreement") attached hereto as **Exhibit B**; *provided* that at this time, the Debtors are solely seeking approval of the terms and provisions as set forth in this Application and the Proposed Order.

3. By separate application, because the administration of these chapter 11 cases will require DRC to perform duties outside the scope of section 156(c) of title 28 of the United States Code (the "Judicial Code"), the Debtors will seek authorization to retain and employ DRC as administrative advisor in these chapter 11 cases pursuant to section 327(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code").

**Jurisdiction and Venue**

4. The United States Bankruptcy Court for the Eastern District of Missouri (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and

Rule 81.901(B)(1) of the Local Rules of the United States District Court for the Eastern District of Missouri.  The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

5.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6.      The bases for the relief requested herein are section 156(c) of the Judicial Code, section 105(a) of the Bankruptcy Code and Bankruptcy Rule 2002(f).

**<u>Background</u>**

7.      The Debtors produce low-chlorine, high-sulfur thermal coal from the Illinois Basin, with both surface and underground mines.  The Debtors market their coal primarily to proximate and investment grade electric utility companies as fuel for their steam-powered generators.  Based on 2016 production, the Debtors are the sixth largest producer in the Illinois Basin and the second largest in Western Kentucky.

8.      On the date hereof (the "<u>Petition Date</u>"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Concurrently with the filing of this Application, the Debtors filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.

## DRC's Qualifications

9.      DRC employs leading industry professionals who have significant experience in both the legal and administrative aspects of large, complex chapter 11 cases. DRC has acted as the claims and noticing agent in numerous cases in the United States Bankruptcy Court similar in size and complexity to these chapter 11 cases. *See, e.g.*, *In re BCBG Max Azria Glob. Holdings, LLC*, No. 17-10466 (SCC) (Bankr. S.D.N.Y. 2017); *In re Emerald Oil, Inc.*, No. 16-10704 (KG) (Bankr. D. Del. 2016); *In re Boomerang Tube, LLC, et al.*, No. 15-11247 (MFW) (Bankr. D. Del. 2015); *In re the Wet Seal, Inc., et al.,* No. 15-10081 (CSS) (Bankr. D. Del. 2015); *In re Longview Power, LLC, et al.,* No. 13-12211 (BLS) (Bankr. D. Del. 2013); *In re Rural/Metro Corporation et al.*, No. 13-11952 (KJC) (Bankr. D. Del. 2013); *In re Handy Hardware Wholesale, Inc.*, No. 13-10060 (MFW) (Bankr. D. Del. 2013); *In re Prommis Holdings, LLC., et al.*, No. 13-10551 (BLS) (Bankr. D. Del. 2013); *In re Saab Cars North America, Inc.*, No. 12-10344 (CSS) (Bankr. D. Del. 2012); *In re Hussey Copper Corp., et al.*, No. 11-13010 (BLS) (Bankr. D. Del. 2011); *In re Townsends, Inc., et al.*, No. 10-14092 (CSS) (Bankr. D. Del. 2010); *In re Emivest Aerospace Corporation*, No. 10-13391 (MFW) (Bankr. D. Del. 2010); *In re Wolverine Tube, Inc., et al.*, No. 10-13522 (PJW) (Bankr. D. Del. 2010); *In re The Penn Traffic Company, et al.*, No. 09-14078 (PJW) (Bankr. D. Del. 2009); *In re Butler Services International, Inc., .et al.*, No. 09-11914 (KJC) (Bankr. D. Del. 2009); *In re Everything But Water, LLC, et al.*, No. 09-10649 (MFW) (Bankr. D. Del. 2009); *In re Lillian Vernon Corporation, et al.*, No. 08-10323 (BLS) (Bankr. D. Del. 2008); *In re Hancock Fabrics, Inc., et al.*, No. 07-10353 (BLS) (Bankr. D. Del. 2007); *In re Freedom Rings, LLC*, No. 05-14268 (CSS) (Bankr. D. Del. 2005).

10.     By appointing DRC as the Claims and Noticing Agent in these chapter 11 cases, the distribution of notices and the processing of claims will be expedited.

### Services to Be Provided

11.     This Application pertains only to the work to be performed by DRC under the delegation of duties by the Clerk of the United States Bankruptcy Court for the Eastern District of Missouri (St. Louis) (the "Clerk") permitted by 28 U.S.C. § 156(c), and any work to be performed by DRC outside of this scope is not covered by this Application or by any order granting approval hereof. By separate application, the Debtors may seek to retain DRC as their administrative advisor under section 327(a) of the Bankruptcy Code.   As it relates to this Application, DRC will perform the following tasks, among others, as well as all quality control relating thereto (the "Claims and Noticing Services"), in its role as Claims and Noticing Agent:

a.     assist the Debtors with the preparation and distribution of all required notices and documents in accordance with the Bankruptcy Code and the Bankruptcy Rules in the form and manner directed by the Debtors and/or the Clerk, including: (i) notice of any claims bar date; (ii) notice of any proposed sale of the Debtors' assets; (iii) notices of objections to claims and objections to transfers of claims' (iv) notices of hearings on motions filed by the Office of the United States Trustee for the Eastern District of Missouri (the "U.S. Trustee"); (v) notices of any hearings on a disclosure statement and confirmation of any chapter 11 plan or plans, including under Bankruptcy Rule 3017(d); (vi) notice of the effective date of any plan; and (vii) all other notices, orders, pleadings, publications and other documents as the Clerk may deem necessary or appropriate for an orderly administration of these chapter 11 cases;

b.     maintain a copy of the Debtors' schedules of assets and liabilities and statements of financial affairs (collectively, the "Schedules"), listing the Debtors' known creditors and the amounts owed thereto;

c.     maintain (i) a list of all potential creditors, equity holders and other parties in interest and (ii) a "core" mailing list consisting of all parties described in Bankruptcy Rule 2002(i), (j), and (k) and those parties that have filed a notice of appearance pursuant to Bankruptcy Rule 9010; file with or cause to be filed with the Court

an updated creditor matrix along with a memorandum describing any change(s) thereto, in accordance with rule 1009 of the Local Rules of Bankruptcy Procedure for the Eastern District of Missouri (the "<u>Local Bankruptcy Rules</u>"), and pay any requisite fee;

d.    furnish a notice to all potential creditors of the last date for filing proofs of claim and a form for filing a proof of claim, after such notice and form are approved by the Clerk;

e.    notify said potential creditors of the existence, amount and classification of their respective claims as set forth in the Schedules, which may be effected by inclusion of such information (or the lack thereof, in cases where the Schedules indicate no debt due to the subject party) on a customized proof of claim form provided to potential creditors, after such form is approved by the Clerk;

f.    maintain a post office box or address for the purpose of receiving claims and returned mail, and process all mail received;

g.    for all notices, motions, orders or other pleadings or documents served, prepare and file or cause to be filed with the Clerk a certificate of service within 24 hours of service which includes (i) either a copy of the notice served or the docket number(s) and title(s) of the pleading(s) served, (ii) a list of persons to whom it was mailed (in alphabetical order) with their addresses, (iii) the manner of service, and (iv) the date served;[4]

h.    process all proofs of claim received, including those received by the Clerk, electronically file with the Clerk all proofs of claim that DRC has received or will receive in these cases;

i.    maintain a duplicate claims register for each Debtor (collectively, the "<u>Claims Registers</u>"), and specify in the Claims Registers the following information for each claim docketed: (i) the claim number assigned through the Court's Claims Register; (ii) the date received; (iii) the name and address of the claimant and agent, if applicable, who filed the claim; (iv) the address for payment, if different from the notice address; (v) the amount asserted; (vi) the asserted classification(s) of the claim (*e.g.*, secured, unsecured, priority, etc.); (vii) the applicable Debtor; and (viii) any disposition of the claim;

j.    within five (5) business days upon receipt of proofs of claims, file such claims in the Court's Claims Register noting the claim

---

[4]    If such deadlines cannot be met due to unforeseen circumstances, the parties shall promptly notify the Clerk.

number assigned by the Court; upon completion of the docketing of claims processed with the Court, reconcile its records with the Court for all claims received to date for each case;

k.    monitor the Court's docket for all notices of appearance, address changes, and claims-related pleadings and orders filed and make necessary notations on and/or changes to the Claims Registers and any service or mailing lists, including to identify and eliminate duplicative names and addresses from such lists;

l.    assist in the dissemination of information to the public and respond to requests for administrative information regarding these chapter 11 cases as directed by the Debtors or the Court, including through the use of the Court's claim number, if applicable, a case website and/or call center;

m.    if these chapter 11 cases are converted to cases under chapter 7 of the Bankruptcy Code, contact the Clerk's Office immediately upon notice to DRC of entry of the order converting the cases;

n.    thirty (30) days prior to the close of all these chapter 11 cases, to the extent practicable, request that the Debtors submit to the Court a proposed order dismissing DRC as Claims and Noticing Agent and terminating its services in such capacity upon completion of its duties and responsibilities and upon the closing of these chapter 11 cases;

o.    at least seven (7) days after the motion for final decree has been filed, reconcile all proofs of claim with the Court; and

p.    with prior approval of the Clerk, at the close of all these chapter 11 cases, address destruction of proofs of claim as instructed by the Clerk.

12.    DRC shall not employ any past or present employee of the Debtors for work that involves the chapter 11 cases.

## Professional Compensation

13.    The Debtors respectfully request that the undisputed fees and expenses incurred by DRC in the performance of the above services be treated as administrative expenses of the Debtors' chapter 11 estates pursuant to section 156(c) of the Judicial Code and section 503(b)(1)(A) of the Bankruptcy Code and be paid in the ordinary course of business, without

further application to or order of the Court.  DRC agrees to maintain records of all services showing dates, categories of services, fees charged, and expenses incurred, and to serve monthly invoices on the Debtors, the U.S. Trustee, counsel for the Debtors, counsel for any official committee, if any, monitoring the expenses of the Debtors, and any party-in-interest who specifically requests service of the monthly invoices.  If any dispute arises relating to the Engagement Agreement or monthly invoices, the parties shall meet and confer in an attempt to resolve the dispute; if resolution is not achieved, the parties may seek resolution of the matter from the Court.

14.    Prior to the Petition Date, the Debtors paid DRC $18,219.15 in connection with prepetition services and a retainer in the amount of $25,000.  DRC seeks to:  first, apply the retainer to all unpaid prepetition invoices at the time of filing; second, to replenish the retainer to the original retainer amount; and third, to hold the retainer under the Engagement Agreement during these chapter 11 cases as security for the payment of fees and expenses under the Engagement Agreement. DRC will provide a discount of up to $11,000, to be credited against consulting fees only (*i.e.*, not expenses) which are billed on the final invoice.  To the extent that consulting fees exceeding $11,000 are not billed on the final invoice, DRC will extend the discount retroactively to one invoice immediately prior.  If the ultimate and penultimate invoices do not together contain $11,000 in consulting fees, then the consulting fees on those two invoices will be waived in their entirety.

**DRC's Disinterestedness**

15.    In connection with its retention as Claims and Noticing Agent, DRC represents in the Tomforde Declaration, among other things, that:

a.    DRC will not consider itself employed by the United States government and shall not seek any compensation from the United

States government in its capacity as the Claims and Noticing Agent in these chapter 11 cases;

b.  By accepting employment in these chapter 11 cases, DRC waives any right to receive compensation from the United States government in its capacity as the Claims and Noticing Agent in these chapter 11 cases;

c.  In its capacity as the Claims and Noticing Agent in these chapter 11 cases, DRC will not be an agent of the United States and will not act on behalf of the United States;

d.  DRC will not employ any past or present employees of the Debtors in connection with its work as the Claims and Noticing Agent in these chapter 11 cases; and

e.  DRC is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code with respect to the matters upon which it is to be engaged.

16.    To the extent that there is any inconsistency between this Application, any order granting this Application, and the Engagement Agreement, the Debtors respectfully submit that the order shall govern.

## Basis for Relief

17.    This Application is made pursuant to section 156(c) of the Judicial Code and section 105(a) of the Bankruptcy Code for the Proposed Order appointing DRC as the Claims and Noticing Agent for the Debtors in these chapter 11 cases, so that DRC may assume full responsibility for the distribution of notices and the maintenance, processing, and docketing of proofs of claim filed in these chapter 11 cases.

18.    Section 156 of the Judicial Code, in relevant part, provides:

Any court may utilize facilities or services, either on or off the court's premises, which pertain to the provision of notices, dockets, calendars, and other administrative information to parties in cases filed under the provisions of title 11, United States Code, where the costs of such facilities or services are paid for out of the assets of the estate and are not charged to the United States. The utilization of such facilities or services shall be subject to such

conditions and limitations as the pertinent circuit council may prescribe.

28 U.S.C. § 156(c).

19.     Section 105 of the Bankruptcy Code, in relevant part, provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by any party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a).

20.     In addition, Bankruptcy Rule 2002(f) provides that "the clerk, or some other person as the court may direct," shall give notice of the various matters described in Bankruptcy Rule 2002. Fed. R. Bankr. P. 2002(f).

21.     The Debtors anticipate that more than 3,600 entities will be noticed during the course of these chapter 11 cases.  In view of the number of anticipated claimants and the complexity of the Debtors' business, the Debtors submit that DRC's appointment as the Claims and Noticing Agent is both necessary and in the best interests of the Debtors' estates and their creditors because the Debtors will be relieved of the burdens associated with Claims and Noticing Services.  Accordingly, the Debtors will be able to devote their full attention and resources to the administration of these chapter 11 cases.

22.     Prior to the selection of DRC as Claims and Noticing Agent, the Debtors reviewed and compared engagement proposals from two other claims and noticing agents to ensure a competitive process.  Upon receiving the initial proposals, the Debtors requested each firm to improve its bid.  The Debtors submit, based on the engagement proposals obtained and

reviewed, that DRC's rates are competitive and reasonable given DRC's high quality of services and substantial expertise.

23.    Although the terms of DRC's retention are set forth in the Engagement Agreement, by this Application, DRC is seeking approval solely of the terms and provisions of the Engagement Agreement as set forth in this Application and the Proposed Order.[5]

### *Nunc Pro Tunc* Relief Is Appropriate

24.    Pursuant to the Debtors' request, the Claims and Noticing Agent has served in that capacity since the Petition Date with assurances that the Debtors would seek approval of its employment and retention, effective *nunc pro tunc* to the Petition Date, so that the Claims and Noticing Agent may be compensated for its pre-application services.  The Debtors believe that no party in interest will be prejudiced by the granting of the *nunc pro tunc* employment, as provided herein, because the Claims and Noticing Agent has provided and continues to provide valuable services to the Debtors' estates in the interim period.

25.    Courts in this jurisdiction have routinely approved *nunc pro tunc* employment similar to that requested herein in matters comparable to this matter.  *See, e.g.*, *In re Payless Holdings LLC*, No. 17-42267 (659) (Bankr. E.D. Mo. April 4, 2017) (approving *nunc pro tunc* employment); *In re Peabody Energy, Corp.*, No. 16-42529 (BSS) (Bankr. E.D. Mo. Apr. 20, 2016); (same); *In re Noranda Aluminum, Inc.*, No. 16-10083 (BSS) (Bankr. E.D. Mo. Feb. 12, 2016) (same); *In re Arch Coal, Inc.*, No. 16-40120 (CER) (Bankr. E.D. Mo. Jan. 15, 2016) (same); *In re Bakers Footwear Grp.*, Inc., No. 12-49658 (CER) (Bankr. E.D. Mo. Oct. 9, 2012) (same); *In re Falcon Prods., Inc.*, No. 05-41108 (SCC) (Bankr. E.D. Mo. Mar. 10, 2005) (same). Accordingly, the Debtors respectfully request entry of the Proposed Order authorizing the

---

5    The Debtors also intend to file an application seeking employ the Claims and Noticing Agent to provide certain bankruptcy administrative services to the Debtors during these chapter 11 cases.

Debtors to retain and employ DRC as Claims and Noticing Agent, effective nunc pro tunc to the Petition Date.[6]

26.    Based on the foregoing, the Debtors submit that they have satisfied the requirements of the Judicial Code, Bankruptcy Code, and the Bankruptcy Rules.  Accordingly, the Debtors respectfully request entry of the Proposed Order pursuant to section 156(c) of the Judicial Code and Bankruptcy Rule 2002(f) authorizing the Debtors to retain and employ the Claims and Noticing Agent, effective *nunc pro tunc* to the Petition Date.

### Notice

27.    The Debtors will provide notice of this motion to:  (a) the Office of the United States Trustee for the Eastern District of Missouri; (b) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the indenture trustee under the Debtors' 11.75% senior secured notes due 2019; (d) counsel to the ad hoc group of holders of the Debtors' 11.75% senior secured notes due 2019; (e) counsel to Knight Hawk Holdings, LLC; (f) the United States Attorney's Office for the Eastern District of Missouri; (g) the Internal Revenue Service; (h) the Environmental Protection Agency; (i) the office of the attorneys general for the states in which the Debtors operate; (j) the Securities and Exchange Commission; and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

28.    No prior request for the relief sought in this Application has been made to this or any other court.

---

[6]    Because of the voluminous nature of the orders cited herein, such orders have not been attached to this application.  Copies of these orders are available upon request of the Debtors' proposed counsel.

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated:  November 1, 2017          /s/ Alan Boyko
St. Louis, Missouri               Armstrong Energy, Inc.
                                  Alan Boyko
                                  Chief Restructuring Officer

## **EXHIBIT A**

**Tomforde Declaration**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

|  |  |
|---|---|
| In re: | ) Case No. 17-47541-659 |
|  | ) CHAPTER 11 |
| ARMSTRONG ENERGY, INC., *et al.*,[7] | ) |
|  | ) (Joint Administration Requested) |
|  | ) |
| Debtors. | ) |
|  | ) |

**DECLARATION OF ROLAND TOMFORDE**
**IN SUPPORT OF DEBTORS' APPLICATION**
**FOR AN ORDER (I) APPROVING THE APPOINTMENT**
**AND RETENTION OF DONLIN, RECANO & COMPANY, INC.**
**AS THE CLAIMS AND NOTICING AGENT TO THE DEBTORS, EFFECTIVE**
**NUNC PRO TUNC TO THE PETITION DATE AND (II) GRANTING RELATED RELIEF**

I, Roland Tomforde under penalty of perjury, declare as follows:

1.      I am the Chief Operating Officer of Donlin, Recano & Company, Inc. ("DRC"), a chapter 11 administrative services firm, whose offices are located at 6201 15th Avenue, Brooklyn, New York 11219.

2.      I submit this declaration in support of the *Debtors' Application for an Order (I) Approving the Appointment and Retention of Donlin, Recano & Company, Inc. as the Claims and Noticing Agent to the Debtors, Effective* Nunc Pro Tunc *to The Petition Date and*

---

[7]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include:  Armstrong Energy, Inc. (5664); Armstrong Air, LLC (2017); Armstrong Coal Company, Inc. (0349); Armstrong Coal Sales, LLC (4058); Armstrong Energy Holdings, Inc. (5664); Armstrong Logistics Services, LLC (0392); Thoroughfare Mining, LLC (7890); Western Diamond LLC (9356); Western Land Company, LLC (9821).  The location of the Debtors' service address is:  7733 Forsyth Boulevard, Suite 1625, St. Louis, Missouri 63105.

*(II) Granting Related Relief* (the "Section 156(c) Application").[8]  Except as otherwise noted, I have personal knowledge of the facts contained in this Declaration.

3.    As custodian of the Court's records pursuant to 28 U.S.C. § 156(c), DRC will perform, at the request of the Office of the Clerk of the Court (the "Clerk"), the claims and noticing related services specified in the Section 156(c) Application and the Standard Claims Administration and Noticing Agreement (the "Engagement Agreement") attached as **Exhibit B** to the Section 156(c) Application.  In addition, at the Debtors' request, DRC will perform such other noticing, claims, administrative, technical and support services specified in the Section 156(c) Application and the Engagement Agreement.

4.    DRC is one of the country's leading chapter 11 administrators, with experience in claims administration, noticing, and facilitating other administrative aspects of chapter 11 cases. DRC has provided identical or substantially similar services in other chapter 11 cases filed in this District and elsewhere, including, among others:  *In re BCBG Max Azria Glob. Holdings, LLC*, No. 17-10466 (SCC) (Bankr. S.D.N.Y. 2017); *In re Emerald Oil, Inc.*, No. 16-10704 (KG) (Bankr. D. Del. 2016); *In re The Big Apple Circus, Ltd.*, No. 16-13297 (SHL) (Bankr. S.D.N.Y. 2016); *In re the Wet Seal, Inc.,et al.,* No. 15-10081 (CSS) (Bankr. D. Del. 2015); *In re Longview Power, LLC, et al.,* No. 13-12211 (BLS) (Bankr. D. Del. 2013); *In re Rural/Metro Corporation et al.*, No. 13-11952 (KJC) (Bankr. D. Del. 2013); *In re Handy Hardware Wholesale, Inc.*, No. 13-10060 (MFW) (Bankr. D. Del. 2013); *In re Prommis Holdings, LLC., et al.*, No. 13-10551 (BLS) (Bankr. D. Del. 2013); *In re Saab Cars North America, Inc.*, No. 12-10344

---

[8]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Section 156(c) Application.

(CSS) (Bankr. D. Del. 2012); *In re Hussey Copper Corp., et al.*, No. 11-13010 (BLS) (Bankr. D. Del. 2011); and *In re Townsends, Inc., et al.*, No. 10-14092 (CSS) (Bankr. D. Del. 2010).[9]

5.      I represent, among other things, that:

(a)     DRC neither holds nor represents any interest adverse to the Debtors' estates in connection with any matters for which DRC will be employed;

(b)     I am not related or connected to and, to the best of my knowledge, no other professional of DRC is related to or connected to any United States Bankruptcy Judge for the Eastern District of Missouri or the U. S. Trustee or to any employee in the offices thereof;

(c)     DRC will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the Claims and Noticing Agent in these chapter 11 cases;

(d)     by accepting employment in these chapter 11 cases, DRC waives any right to receive compensation from the United States government in its capacity as the Claims and Noticing Agent in these chapter 11 cases;

(e)     in DRC's capacity as the Claims and Noticing Agent in these chapter 11 cases, DRC is not an agent of the United States and is not acting on behalf of the United States;

(f)     DRC will not employ any past or present employees of the Debtors in connection with its work as the Claims and Noticing Agent in these chapter 11 cases;

(g)     in its capacity as Claims and Noticing Agent in these chapter 11 cases, DRC will not intentionally misrepresent any fact to any person;

(h)     DRC shall be under the supervision and control of the Clerk with respect to the receipt and recordation of claims and claim transfers; and

(i)     none of the services provided by DRC as Claims and Noticing Agent shall be at the expense of the Clerk.

6.      To the best of my knowledge and belief, and based solely upon information provided to me by the Debtors, and except as provided herein, neither DRC, nor any employee of

---

[9]     Because of the voluminous nature of the order cited herein, such orders have not been attached to this application. Copies of these orders are available upon request to the Debtors' proposed counsel.

DRC, holds nor represents any interest materially adverse to the Debtors, their estates or their creditors with respect to matters upon which DRC is to be engaged.

7.      To the best of my knowledge and belief, and based solely upon information provided to me by the Debtors and except as provided herein, neither DRC, nor any employee of DRC, has any materially adverse connections to the Debtors, their creditors or equity interest holders, or other relevant parties, their respective attorneys and accountants, any United States Bankruptcy Judge for the Eastern District of Missouri, the United States Trustee or any person employed by that office of the United States Trustee, that would conflict with the scope of DRC's retention or would create any interest adverse to the Debtors' estates or any other party-in-interest.

8.      The Debtors have thousands of creditors and, from time to time, DRC may have represented certain of those creditors in completely unrelated matters.  Proposed counsel for the Debtors has provided DRC with a list of the Debtors' parties-in-interest (the "Conflicts List"), a copy of which is attached hereto as **Exhibit 1**.  I have caused an examination of these records to be made to determine which, if any, of the parties on the Conflicts List, DRC may have represented in the past or may be representing at the present time in totally unrelated matters. This search has disclosed that, to the best of my present knowledge, DRC has not in the past and is not currently representing any of the parties on the Conflicts List other than as described below:

> (a)      On June 11, 2015, DRC was retained by American Express ("AXP") to facilitate notice to over 12 million merchant locations in connection with certain litigation to which AXP was a party.  DRC's representation of AXP was wholly unrelated to the Debtor or this Case and DRC does not currently represent AXP.

4

9.      In addition, DRC has identified numerous vendors appearing on the Conflicts List that are also vendors of DRC, but  DRC has not in the past, and is not currently, representing any of those vendors.

10.      Certain of DRC's professionals were formerly employed by firms that may be creditors or may provide professional services to parties in interest in these chapter 11 cases. Such firms include:   Gavin/Solmonese LLP; Klehr Harrison Harvey Branzburg; Whiteford Taylor Preston; Buchanan Ingersoll & Rooney; Paul Hastings LLP; Paul, Weiss, Rifkind, Wharton & Garrison, LLP; Kaye Scholer LLP; Skadden, Arps, Slate, Meagher & Flom LLP; Sheppard, Mullin, Richter & Hampton LLP; Baker & McKenzie LLP; Clifford Chance, Hughes Hubbard & Reed LLP; Davis Polk & Wardwell LLP; Levene, Neale, Bender, Yoo & Brill LLP; Law Offices of David Carlebach; Blank Rome LLP; Anderson Kill; Willkie Farr & Gallagher LLP; Dechert LLP; Pryor Cashman LLP; Schulte Roth & Zabel LLP; Kurtzman Carson Consultants LLC; Epiq Bankruptcy Solutions, LLC; Rust Omni; and Wells Fargo Bank. Except as disclosed herein, these professionals did not work on any matters involving the Debtors while employed by their previous firms.   Moreover, these professionals were not employed by their previous firms when these chapter 11 cases were filed.

11.      DRC is an affiliate of American Stock Transfer & Trust Company, LLC ("AST"). AST is a global financial communications and stakeholder management company.  Within the AST corporate structure, DRC operates as a separate and independent legal entity.  Given the legal and operational separateness of DRC from AST, DRC does not believe that any relationships that AST and its affiliates maintain would create an interest of DRC that would be materially adverse to the Debtors' estates or any class of creditors or equity security holders.

5

12.     In preparation for the filing of the Debtors' chapter 11 cases, DRC assisted with the preparation of a full list of its creditors that will be filed in the Debtors' chapter 11 cases. DRC may have previously represented or may presently represent some of the Debtors' creditors, but in no event is DRC representing any other creditor with respect to the Debtors' bankruptcy proceedings.  To the extent I become aware of DRC having represented any other creditors of the Debtors, I will file a supplemental affidavit advising the Court of the same. To the extent that DRC discovers any facts bearing on matters described herein, DRC will supplement information contained herein.

13.     Notwithstanding anything contained herein, as part of its diverse business, DRC is the noticing, claims and balloting agent for debtors in numerous cases involving many different creditors (including taxing authorities), and professionals, including attorneys, accountants, investment bankers, and financial consultants, some of which may be creditors or represent creditors and parties-in-interest in these chapter 11 cases.  In addition, DRC has in the past and will likely in the future continue working with or against other professionals involved in these chapter 11 cases in matters unrelated to these chapter 11 cases.  Based upon my current knowledge of the parties involved, and to the best of my knowledge, none of these business relations constitute interests adverse to that of the creditors, or the Debtors' estates, with respect to the matter upon which DRC is to be engaged.  Additionally, DRC employees may, in the ordinary course of their personal affairs, have relationships with certain creditors of the Debtors. However, to the best of my knowledge, such relationships, to the extent they exist, are of a personal nature and completely unrelated to these chapter 11 cases.

14.     Based upon the information available to me, I believe that DRC is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, in that DRC and its

personnel:  (a) are not creditors, equity security holders or insiders of the Debtors; (b) are not and were not, within two years before the date of the filing of these chapter 11 cases, a director, officer or employee of the Debtors; and (c) do not have an interest materially adverse to the interests of the Debtors' estates or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors.

15.      Prior to the filing of these chapter 11 cases, the Debtors paid DRC $18,219.15 in connection with prepetition services and a retainer in the amount of $25,000.  DRC will provide a discount of up to $11,000, to be credited against consulting fees only (*i.e.*, not expenses) which are billed on the final invoice.  To the extent that consulting fees exceeding $11,000 are not billed on the final invoice, DRC will extend the discount retroactively to one invoice immediately prior.  If the ultimate and penultimate invoices do not together contain $11,000 in consulting fees, then the consulting fees on those two invoices will be waived in their entirety.

16.      In performing the services identified above, DRC will charge the rates set forth in **Schedule A** to the Engagement Agreement annexed to the Section 156(c) Application as **Exhibit B**.  The rates set forth therein are as favorable and reasonable as the prices DRC charges in cases in which it has been retained to perform similar bankruptcy-related services.

17.      DRC will comply with all requests of the Clerk's Office and the guidelines promulgated by the Judicial Conference of the United States for the implementation of section 156(c) of the Judicial Code.


[*Remainder of page intentionally left blank*]


7

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true
and correct to the best of my knowledge, information and belief.

Dated:  November 1, 2017  
Brooklyn, New York

*/s/ Roland Tomforde*  
Roland Tomforde  
Chief Operating Officer  
Donlin, Recano & Company, Inc.

## **Exhibit 1**

**Conflicts List**

# EXHIBIT 1

### List of Exhibits

| Exhibit | Category |
|---------|----------|
| 1(a) | Current and Recent Former Entities Affiliated with the Debtors |
| 1(b) | Current and Recent Former Directors and Officers |
| 1(c) | Bondholders |
| 1(d) | Counterparties to Significant Executory Contracts |
| 1(e) | Counterparties to Significant Leases |
| 1(f) | Current and Potential Litigation Counterparties |
| 1(g) | Indenture Trustee |
| 1(h) | Insurers |
| 1(i) | Landlords |
| 1(j) | Largest Customers |
| 1(k) | Potential Lien Claimants |
| 1(l) | Professionals |
| 1(m) | Regulatory Authorities |
| 1(n) | Royalty Payment Recipients |
| 1(o) | Shareholders |
| 1(p) | Taxing Authorities |
| 1(q) | U.S. Trustee, Judges, and Court Contacts for the Eastern District of Missouri (and key staff members) |
| 1(r) | Utilities |
| 1(s) | Vendors |

# EXHIBIT 1(a)

## Current and Recent Former Entities Affiliated with the Debtors

Armstrong Air, LLC
Armstrong Coal Company, Inc.
Armstrong Coal Sales, LLC
Armstrong Energy Holdings, Inc.
Armstrong Fabricators, Inc.
Armstrong Logistics Services, LLC
Ceralvo Holdings, LLC
Elk Creek GP, LLC
Elk Creek Operating GP, LLC
Elk Creek Operating, LP
MG Midstreaming, LLC
Ram Terminals, LLC
Terminal Holdings, LLC
Thoroughbred Resources, LP
Thoroughfare Mining, LLC
Western Diamond LLC
Western Land Company, LLC
Western Mineral Development, LLC

# EXHIBIT 1(b)

## Current and Recent Former Directors and Officers

Anderson, Adam D.
Armstrong, J. Hord, III
Craig, Richard L.
Crain, James C.
Harris, David L.
Keenan, W. Howard
Lawrence, Bryan R.
Stopper, Joseph M.
Susman, Louis B.
Walker, Greg A.
Waller, Eric R.
Wilson, Martin D.
Winnick, Jeffrey F.

# EXHIBIT 1(c)

## **Bondholders**

Anson
Bank of Nova Scotia
Blue Mountain
Caspian
Cedarview
First Western
Goldentree
Guardian Capital Group
Legg Mason Inc.
Marathon
Marathon CLO Ltd.
New Generation
Nuveen
Panning
Phoenix
Telemetry
TIAA
TIAA-CREF
Wamco

# EXHIBIT 1(d)

## Counterparties to Significant Executory Contracts

Aero Charter Inc.
Atlas Copco Customer Finance USA LLC
Banc of America Leasing & Capital LLC
Bank of America Leasing & Capital LLC
Brandeis Machinery & Supply Co.
Caterpillar Financial Services Corp.
Deutsche Leasing USA Inc.
Edmonson Fuels LLC
General Electric Capital Corp.
Joy Global Underground Mining LLC
Kentucky Utilities Co.
Komatsu Financial LP
Louisville Gas & Electric Co.
Macquarie Corporate & Asset Funding Inc.
Sumner, Douglas P.
UGM ADDCAR Systems LLC
Workiva Inc.

# EXHIBIT 1(e)

## **Counterparties to Significant Leases**

Banc of America Leasing & Capital LLC
KBS II Pierre Laclede Center LLC
Mueller Prost LC
Norton Lilly International Inc.

# EXHIBIT 1(f)

## Current and Potential Litigation Counterparties

| | |
|---|---|
| Anderson, Tommy | Hoskins, Tony |
| Arnold, Dwight | Ipox, Earl Ray |
| Baize, Rickey | Jarvis, Mitchell Ray |
| Ball, Barry | Jernigan, Billy |
| Ball, Bruce | King, Donald |
| Barber, Eddie | Kirk, Andrea |
| Baxter, Barry | Lear, Jamie |
| Baxter, Barry D. | Lee, Lawrence |
| Bearden, Jeremy | Lewis, George W. |
| Billy Jernigan | Lewis, Ruth Jean |
| Bivins, Terry | Lewis, Shannon |
| Bratcher, Aaron D. | Loney, Neely E. |
| Bratcher, Jenny | Martin, William Ray |
| Bratcher, Roy Daniel | Mason, Mark |
| Brothers, Richard | Matheny, William |
| Brown, Brandon | Messamore, Gregory |
| Brown, Randy | Mine Safety & Health Administration |
| Bush, Charles | Mitchell, Everett W., Jr. |
| Campbell, Steven A. | Mitchell, Marvin |
| Carter Smith, Sharon K. | Morgan, Donald |
| Carter, Carol B. | Morgan, Donnie |
| Carter, Charles Edward | Oller, Phillip |
| Carter, Debra H. | Peveler, Troy |
| Carter, Jenscinna A. | Piper, Brian |
| Carter, William D. | Pressley, Danny |
| Coals, Delta | Qualls, Terri |
| Cobb, David | Rich, Tate |
| Coomer, Leslie R. | Richard Brothers |
| Coomer, Stephen L. | Riley, Daniel |
| Couch, Lonnie | Robinson, John |
| Crook, Bobby | Robinson, Richard |
| Demond, Erik | Robison, Barbara |
| Dinsmore, Ronnie | Robison, Robert |
| Doss, Gordon Wayne | Roop, Dennis |
| Drake, Lamont | Sailing, Jackie Glenn |
| Duff, Charles | Sexton, Bobby |
| Fooks, David M. | Shemwell, Brandon |
| Franklin, James | Shemwell, Reuben Wayne |
| Gibson, Thomas | Simpson, Michael |
| Goff, Danny | Skinner, Willie |
| Grubb, Joseph | Smiley, David A. |
| Henderson, Gilbert, Jr. | Smith, Mark |

Smith, Sharon K. Carter
United States, Government of the, Department of Labor, Mine Safety & Health Administration
Virgin, Eric
Vncent, Richard
Wallace, Jeffrey
Western Leasing Inc.
Wilson, Larry
Wilson, Michael
Wilson, Pamela

# EXHIBIT 1(g)

## **Indenture Trustee**

Wells Fargo Bank NA

# EXHIBIT 1(h)

### **<u>Insurers</u>**

American Guarantee & Liability Insurance Co.
American Zurich Insurance Co.
National Union Fire Insurance Co. of Pittsburgh PA
Old Republic Insurance Co.
QBE Insurance Corp.
Starr Indemnity & Liability Co.
Travelers Property & Casualty Co. of America

# EXHIBIT 1(i)

### **Landlords**

7733 Forsyth Boulevard, Clayton, Missouri 63105

# EXHIBIT 1(j)

**Largest Customers**

Armstrong Resources Management Corp.
Duke Energy Carolinas LLC
Duke Energy Kentucky Inc.
Louisville Gas & Electric Co.
Owensboro Municipal Utilities
Tampa Electric Co.
United States, Government of the, Tennessee Valley Authority

# EXHIBIT 1(k)

## Potential Lien Claimants

Alliance Exchange Group Inc.
Atlas Copco Construction Mining
    Technique USA
Atlas Copco Customer Finance USA LLC
Bank of America Leasing & Capital LLC
Brandeis Machinery & Supply Co.
Bratcher, Aaron D.
Bratcher, Jenny
Bratcher, Roy Daniel
Carter, Carol B.
Carter, Charles Edward
Carter, Debra H.
Carter, Jenscinna A.
Carter, William D.
Caterpillar Financial Services Corp.
Coomer, Christopher A.
Coomer, Leslie R.
Coomer, Stephen L.
Deere Credit Inc.
Deutsche Leasing USA Inc.
GE Capital Commercial Inc.
General Electric Capital Corp.
General Electric Credit Corp. of Tennessee
Joy Global Underground Mining LLC
Joy Technologies LLC
Komatsu Financial LP
Lewis, Cynthia M.
Lewis, George W.
Lewis, Rachel L.
Lewis, Ruth Jean
Lewis, Shannon Lee
Macquarie Corporate & Asset Funding Inc.
Mining Rock Excavation & Construction
    LLC
Narco
People's Capital & Leasing Corp.
PNC Bank NA
Robison, Barbara
Robison, Robert W.
Rudd Equipment Co.
Signature Financial LLC
Smith, Mark

Smith, Sharon K. Carter
Summit Funding Group Inc.
United States, Government of the,
    Department of the Treasury, Internal
    Revenue Service
VPS US LLC
WebBank
Wells Fargo Bank NA
Wells Fargo Equipment Finance Inc.
Whayne Supply Co.

# EXHIBIT 1(l)

## **Professionals**

ADP LLC
Advanced Investigative Solutions Inc.
Anthem BlueCross BlueShield
Armstrong Teasdale LLP
Associated Engineers Inc.
Assured Partners of Missouri LLC
AT&T Business Services
AT&T Global Network Services
BDO
Bingham Greenebaum Doll LLP
Buchanan Ingersoll & Rooney PC
Butler Snow LLP
Clay Mason & Associates LLC
Cox & Mazzoli PLLC
Dathorne & Butler LLC
Donlin Recano & Co. Inc.
Dressman Benzinger LaVelle PSC
Drinker Biddle & Reath LLP
Edward D. Jones & Co. LP
Ernst & Young LLP
Furman & Nilsen PLLC
Gordon Law Offices PSC
Hunton & Williams LLP
Illumiti Corp.
Jackson Kelly PLLC
Kaplan & Partners LLP
Lockton Cos. Inc.
Lowenbaum Law
Massachusetts Mutual Life Insurance Co.
McGriff Seibels & Williams Inc.
Miller & Wells PLLC
Nash Marshall PLLC
Netelligent Corp.
OnX Managed Services
Protiviti
Rajkovich Williams Kilpatrick & True PLLC
Steptoe & Johnson PLLC
Stites & Harbison PLLC
Stoll Keenon Ogden PLLC

# EXHIBIT 1(m)

## <u>Regulatory Authorities</u>

Clayton, City of (MO)
Delaware, State of, Secretary of State, Division of Corporations
Hopkins, County of (KY), Clerk
Kentucky, Commonwealth of, Commission on Human Rights
Kentucky, Commonwealth of, Department of Environmental Protection, Division of Water
Kentucky, Commonwealth of, Department of Natural Resources, Division of Mine Reclamation
    and Enforcement
Kentucky, Commonwealth of, Department of Revenue
Kentucky, Commonwealth of, Division for Air Quality
Kentucky, Commonwealth of, Division of Mine Reclamation & Enforcement
Kentucky, Commonwealth of, Energy & Environment Cabinet, Department of Natural
    Resources, Division of Mine Permits
Kentucky, Commonwealth of, Energy & Environment Cabinet, Department of Natural
    Resources, Division of Mine Safety
Kentucky, Commonwealth of, Labor Cabinet, Department of Workers' Claims
Kentucky, Commonwealth of, State Treasurer
Kentucky, Commonwealth of, Transportation Cabinet
Kentucky, Commonwealth of, Worker's Comp Funding Commission
Missouri, State of, Secretary of State
Muhlenberg, County of (KY), Court Clerk
Ohio, County of (KY), Clerk
United States, Government of the, Department of Defense, Army Corps of Engineers
United States, Government of the, Department of Labor, Mine Safety & Health Administration
    (MSHA)
United States, Government of the, Department of Labor, MSHA - District 10
United States, Government of the, Department of the Interior, Office of Surface Mining
    Reclamation & Enforcement
United States, Government of the, Employment Opportunity Commission
United States, Government of the, Environmental Protection Agency – Region IV
United States, Government of the, Securities & Exchange Commission

# EXHIBIT 1(n)

## Royalty Payment Recipients

Abel, Allyson S.
Addington, Carl
Addington, Ella Louise
Alcoa Fuels Inc.
Allen Gray LP II
Allen Gray LP III
Allen, Kenneth E.
Anne F. Rogers Family LLC
Armstrong, Elaine
Armstrong, Glenn
Barnard, Joe Michale
Barnes, Joyce M.
Barnes, Kateria C.
Barnes, Lyman P.
Beard, Margret Joyce
Birchwell, Hazel
Bishop, Jerry Carson
Bishop, Zexia Barnes
Bordley Church of Christ
Brantley, Heather
Brantley, Lance W.
Brown, Damien
Brown, Deborah
Brown, James M.
Brown, Ronald C.
Carrier, Richard I.
Carter, Carol B.
Carter, Megan Guard
Carter, Melinda T.
Casebier, Charlotte Ann
Casebier, John B.
Casebier, John T.
Casebier, Nazanin
Casebier, Nola
Casebier, William W., Jr.
Cavendar, Noel Douglas
Cavendar, Rhonda
Central States Coal Reserves of Kentucky
Cobb, David
Cole, Carol Ann
Cole, Heike
Cole, James Vernon, LTC

Cole, William Leon, IV
Collins, Brenda
Craig, Betty
Craig, David C.
Cyprus Creek Land Co.
Cyprus Creek Land Resources LLC
Danks, Clyde Richard
Danks, Glenn W.
Danks, Kelly Richard
Danks, Michael Edgar
Danks, Phillip Andrew
Danks, Ronald A.
Daugherty, Ruby
Daugherty, Stephen N.
Diamond Mineral Group Inc.
Duncan Family Mineral LLC
Elder, Connie
Elder, Kevin
Ellis, Glendle G.
Ellis, Jennie L.
Farris, Dennis Ray
Farthing, Nell Gregory
Fledbusch, Rita
Fowler, Pamela Gabrielle
Fulkerson, Geneva
Fulkerson, Lonnie
Girder, Joe Brent
Gish, Carolyn Gentry
Goodman, Cora L.
Graham, Peggy
Gregory, David
Gregory, Harold
Gregory, James
Gregory, Terry
Grider, Bertha S.
Grider, Dennie Lee
Grider, Joe Brent, Jr.
Grider, John M.
Grider, Shelia
Grinder, Kaitlin M.
Gwenlyn, Jessica
Hageman, Ronica D.

Hartke, Rustin D.

Hartke, Ryan W.

Hartkee, Rhett A.

Heritage Coal Co. LLC

Hocker, Janet

Hocker, John W.

Hocker, Richard L.

Holladay, William A.

Hughes, Felicia Leigh-Ann

JL Rogers Family LLC

Johnson, Barbara A.

Johnson, Stan W.

Johnson, Sue Rogers

Jones, Angela Danielle

Jones, David C.

Jones, James

Jones, Lola

Kelley, Darron

Kelley, Mandy B.

Kelley, Martha J.

Kelley, Morris D., Jr.

King, Karren Sue

Lacefield, Ann Cheryl

Lacefield, Garry Dale

Lewis, George W.

Lewis, Shannon

Lista, Lynn M.

Lista, William W.

Little, Janis

Little, Mark

Luppino, Bradford

Luppino, Miranda

Maddox, Carolyn

Maddox, Jim V.

Martin, Emogene S.

McCrocklin, Judith

McCrocklin, Thomas, Jr.

McVay, Billy

McVay, Brenda Gail

McVay, Brenda Lee

McVay, James

Midwest Coal Reserves of Kentucky LLC

Miller, Bill

Miller, Sue

Moore, Bruce

Moore, Gladys

Neeley, Jimmy

Neeley, Peggy

Paul, William Todd

Peacock, Gary

Peacock, Patty

Pearce, Ann

Pearce, David L.

Pearce, Laurie

Pearce, Walter U.

Photopulos, Katherine Felice

Photopulos, Todd

Potts, Lillian

Potts, Norman Ray

Proctor, Charles W.

Proctor, Kathy

Queen, Micheline L.

Ralph, Joseph L.

Ralph, Rose A.

Richardson, Pamela Gabrielle

Rochefort, Gene

Roe, Joseph Michael

Roe, Josephine

Roe, Sara Kelly

Roe, Warren C.

Rogers, James L., III

Rogers, Mary M.

Russell, Dorothy

Sandberg, Melissa Ann Danks

Scroggins, Daisy Curtis

Simpson, Eddie

Simpson, Patricia

Snodgrass, Betty

Snodgrass, Charles

Snodgrass, Janette

Snodgrass, Larry

Snodgrass, Mary

Snodgrass, Tommy

Speaks, Albert

Speaks, Anna

Staude, Virginia L.

Stenberg, Mary

Stenberg, Timothy

Syzmanski, Conrad

Szymanski, Ruth Ann Hocker

Talmar LLC

Talmar of FL LLC

Taylor, Feb I.
Taylor, Sherry Ann
Terrell, Dianna
Terrell, Lonnie
Thompson, Marjorie
Vardell, Jenna Carter
Westerfield, Amanda
Western Kentucky Royalty Trust
White, Andrea
White, Brooke
White, Janet
White, John
White, Marie
White, Mary Nell
White, Richard
White, Robert
White, Walter
Wilhite, James Louis
Wilhite, Marjorie Pearce
Willett, Dorothy F.
Willett, Thomas Allen
Woods, Brenda
Woods, Dennis
Yarber, Donald L.
Yarber, Shirley J.
Young Manufacturing Co. Inc.

# EXHIBIT 1(o)

## **Shareholders**

Rhino Resource Partners Holdings LLC
Yorktown Partners LLC

# EXHIBIT 1(p)

## **Taxing Authorities**

Delaware, State of, Division of Corporations
Hopkins, County of (KY), Sheriff
Kentucky, Commonwealth of, Department for Environmental Protection
Kentucky, Commonwealth of, Department for Natural Resources
Kentucky, Commonwealth of, Department of Revenue
Kentucky, Commonwealth of, Office of the Reclamation Guaranty Fund
Kentucky, Commonwealth of, Workers' Compensation Funding Commission
Missouri, State of, Department of Revenue
Ohio, County of (KY), Sheriff
St. Louis, County of (MO)
Union, County of (KY), Sheriff
United States, Government of the, Department of Labor
United States, Government of the, Internal Revenue Service
United States, Government of the, Office of Surface Mining
Webster, County of (MS), Sheriff

# EXHIBIT 1(q)

## U.S. Trustee, Judges, and Court Contacts for the Eastern District of Missouri (and key staff members)

Randolph, Paul
Rendlen, Charles E., III
Schermer, Barry S.
Surratt-States, Kathy

# EXHIBIT 1(r)

## **Utilities**

AT&T
AT&T IP Flexible Reach
AT&T Mobility
Atmos Energy Corp.
Centertown, City of (KY)
Charter Communications Inc.
Coleman Brothers Inc.
Employee Expense Reports
Kenergy Corp.
KU
Madisonville, City of (KY), Municipal Utilities
Muhlenberg County Water District (KY)
Union County Water District (KY)

# EXHIBIT 1(s)

## Vendors

A.L. Lee Corp.
Abel, Allyson S.
ABL Services Inc.
Abney Auto Glass
Adams, Tara
ADP Inc.
Advance Feeding Systems Inc.
Advanced Solutions
AERO Charter Inc.
aFORDable Signs
AgriGro Farm Center Inc.
Airgas Mid America
Airgas USA LLC
All Source Industrial Supply Inc.
Allen Gray Ltd. Ptr. III
Allen, Kenneth E.
Allen, Tyler
Amazon.com LLC
Amercable Inc.
American Coal Council
American Electric Equipment Inc.
American Express Co.
American Heritage Life Insurance Co.
American Hydraulics & Rebuild
American Land Holdings of KY LLC
American Printing Co.
American Safety & Health Institute
Anchor Hydraulics
Anderson, Adam
Anixter Inc.
Ann, Charlotte
Ann, William W., Jr.
Anne F. Rogers Family LLC
Anthem
Anthem Life Insurance Co.
Appalachian Citizens Law Center
Applied Industrial Technologies Inc.
Armstrong Coal Co. - Kronos
Armstrong Coal Co. Inc.
Armstrong Coal PAC
Armstrong Resource Management Corp.
Armstrong Teasdale LLP

Armstrong, Elaine
Armstrong, Glenn
Armstrong, J. Hord, III
Ashby, Timothy
Associated Engineers Inc.
Associated Pallets Inc.
Associated Railroad Contractors Inc.
AssuredPartners of Missouri LLC
AT&T
AT&T Business Services
AT&T Global Network Services LLC
AT&T IP Flexible Reach
AT&T Mobility
AT&T TeleConference Services
Atlas Copco Customer Finance USA
Atmos Energy
Auto Electric Repair
Auxier Welding Inc.
Baird, Sonnie
Ball, Bruce L.
Banc of America Leasing
BankDirect Capital Finance
Baptist Health Occupational Med
Barber, Eddie
Barnard, Kristina
Barnes, Joe
Barton Machine Inc.
Baumgart Bit Supply
Bay, Tim
BDO
Beard, Anson
Bearing Headquarters
Beaver Dam Building Supply
Beaver Dam Volunteer Fire Department
Belt Tech Industrial Inc.
Beltramea, Stan
Bennett, James
BF Evans Ford
Big Brothers Big Sisters
Big Red Supply Co. Inc.
Big River Rubber & Gasket Co. Inc.
Bingham Greenebaum Doll LLP

Bishops Grocery
Bivins, Terry
Black Equipment Co. Inc.
Blair Tire Sales
Blue Ribbon Courier Inc.
Blue Ribbon Inc.
Bluegrass Materials Co. LLC
Bluegrass Mine Tool Inc.
BMC Group VDR LLC
Bomgar Corp.
Booth Fire & Safety Inc.
Bowman, Cecil
Boyd & Sons Machinery LLC
Bradford Supply Co.
Brake Supply Co. Inc.
Brandeis Machinery & Supply Co.
Branson, Brittany
Bratcher, Aaron D.
Bratcher, Roy Daniel
Brenntag Midsouth Inc.
Brewer, Seth C.
Brian's Battery LLC
Briles, Darrel E.
Brooks, Chris
Brown's Ramsey Creek Farm
Bruce, John
Buchanan Pump Service & Supply Inc.
Bundy, Jan Douglas
Bundy, Terri G.
Burton, Russell
Bush, Charles
Butler Snow LLP
Butler's True Value
Byler Lumber LLC
C.E. Martin Heirs LLC
Campbell, Steven
Captiva Marketing
Carlson Software Inc.
Carroll Engineering Co.
Carroll, Donald L.
Carter Plumbing & Heating Inc.
Carter, Carol B.
Carter, Megan Guard
Carter, Melinda T.
Carter, William D.
Carter-Smith, Sharon K.

Cartwright, Weston Thad
Casebier, John B.
Casebier, Nola
Catering & Creations
Caterpillar Financial Services
Cayce Mill Supply Co. Inc.
CCH
CDW Direct LLC
Centertown, City of (KY)
Central City Country Club Inc.
Central Maine Diesel IS Inc.
Central Screen Printing Inc.
Centrifugal & Mechanical Industries
Centrifugal Services Inc LLC
Charter Communications
Chase Pump & Equipment Co. Inc.
Cincinnati Mine Machinery Co.
Cintas Corp
Clark, Shane
Clay Machine Works Inc.
Clayton Plaza Hotel
Clayton, City of (MO)
Clayton, Danny F.
Clean Green Porta Potties LLC
Coakley, Mike
Coal Age Inc.
Coal Miners' Respiratory Clinic
Cobb, David
Coleman Brothers Inc
Coles Office Outfitters Inc.
Compton, Gary
Conn-Weld Industries Inc
Consolidated Electrical Distributors Inc.
Construction Machinery Co. LLC
Coomer, Christopher A.
Coomer, Stephen L.
Councill, Bess
Country Cupboard
Cox & Mazzoli PLLC
Craig, Richard L.
Crain, James C.
Crop Production Services Inc. #3
Crowley, Justin
CSE Corp.
CT Corp.
Cuda Tools Inc.

Cummins Crosspoint LLC
Custom Engineering Inc.
D.B. Contracting LLC
D-A Lubricant Co.
DAPCO Inc.
Date Mining Services LLC
Dathorne & Butler LLC
Daugherty Fowler Peregrin Haught
Daugherty, Charles E.
Dean Dorton Allen Ford PLLC
Delaware, State of, Secretary of State
Dell Marketing LP
Delta Dental of Kentucky Inc.
DeShazo Crane Co.
Deutsche Leasing USA Inc.
Diamond Mineral Group LLC
Dingess, Dave
Dortch, Scott
Downey Professional Construction
Doyle Trading Consultants LLC
Dressman Benzinger Lavelle PSC
Drinker Biddle & Reath LLP
Drives & Controls Services Inc.
Duff & Phelps LLC
Dunlap, Matthew
Durall, Wandeta F.
Durham, Jaycee
Dynamic Fabrication Inc.
East, Greg
EBN BV
Edmonson, Larry
Edwards, Cory
EIC Technologies Inc.
Elpers Truck Equipment
Embry, Lawrence E.
EnerSys Delaware Inc.
Enterprise Waste Oil Co. Inc.
ERB Equipment Co. Inc.
Eriez Manufacturing Co. Inc.
Ernst & Young
Estevez, Anthony
EVAPAR
Everly, Jarrod
Faco LLC
Fairmont Supply Co.
Farm Plan Corp.

Farris, Dennis Ray
Farris, Jarrod
FedEx Corp.
Fenner Dunlop
Fiber Instrument Sales Inc.
Fields Custom Embroidery
Fields, Jerry
First Choice Courier
First United Bank
First-Line Fire Extinguisher Co
Fitzhugh, Mickey
Flanders Electric Motor Service Inc.
FLSmidth Krebs Inc.
FLSmidth Salt Lake City Inc.
Fluid Power Services Inc.
Fluid Systems Inc.
Ford, Richard F.
Forestry Suppliers Inc.
Foundation Fighting Blindness
Fox, Barry
Fuchs Lubricants Co.
Fulkerson, Andy
Fulkerson, Danny
Furman & Nilsen PLLC
Furniture Discount Warehouse
G.A. Helfrich
Gauley-Robertson Co.
GCR Tire Centers
GE Transportation Parts LLC
GE-Fairchild LLC
General Mine Contracting Inc.
Getman Corp.
GM Telcom Inc.
GMS Mine Repair Midwest
Gordon Law Offices PSC
Gould Electric Motor
Grace Equipment LLC
Grainger Industrial Supply Co. Inc.
Grant Thornton LLP
Greater Muhlenberg Chamber of
    Commerce, The
Green River Safety Council
Green, David
Greenville Quarries & Qual Blacktop
Greenwell, Justin Neal
Greer, Arian

Grider, Dennie L.
Grider, Joe Brent, Jr.
Grider, Joe Brent, Sr.
Griffin, Randy
Gwenlyn, Jessica
H&G Limestone Products
Hageman, Ronica D.
Hall, Kenneth
Hampton Inn & Suites Madisonville
Hannan Supply Co.
Harris, David L., Jr.
Harris, Doug
Hart Equipment Co. Inc.
Hartford Building & Supply
Hartke, Rhett A.
Hartke, Rustin D.
Hartke, Ryan W.
Haselman, Joanna
Haulers Supply Inc.
Hayes Instrument Co. Inc.
Hearld, Jeff
Heintzmann Corp.
Henderson, Charles F.
Henry's Plumbing Inc.
Heritage Petroleum LLC
Hezel, Julie
Hibbs Electromechanical Inc.
Hicks, Richard
Hill, Janice
Hillyard Inc.
Hilti Inc.
Hoard Custom Signs LLC
Hocker, Janet
Hocker, John W.
Hocker, Richard L.
Hollis, Elissa Sue
Home City Ice Co. Inc.
Home Oil & Gas Co. Inc.
Hopcroft Electric Inc.
Hope, Ron
Hopkins County Heating Air & Electrical
Hopkins, County of (KY), Clerk
Houlihan Lokey Capital Inc.
Howe, Justin
Hughes, Felicia Leigh-Ann
Hunton & Williams LLP

Illumiti Corp.
IMPCO Inc.
Indoff Inc.
Industrial Machine Services Inc.
Industrial Service & Electronics Inc.
Intermountain Electronics Inc.
International Driller's Supply Co.
Iron Mountain Inc.
Irwin Mine & Tunneling Supply
J.L. Rogers Family LLC
JABO Supply Corp.
Jackson Kelly PLLC
Jarvis, Ryan R.
JEM Sales & Service Inc.
Jennchem LLC
Jennmar Corp.
Jenny Bratcher Trust
Jernigan, Billy
Jim David Meats
Jim Whitaker Trucking Inc.
JMS Russell Metal Corp.
Joe Leasure & Sons Inc.
Johnston, Buddy
Jones Septic Service
Jones Septic Service LLC
Jones, Angela D.
Jones, David C.
Jones, Lola
Joy Global Mining LLC
Joy Global Underground Mining LLC
Judge, Joshua
K&E Technical Inc.
K&R Rebuild LLC
K&S Automotive Repair LLC
Kanawha Manufacturing Co.
Kanawha Scales & Systems Inc.
Kane, Stephen
Kaplan & Partners LLP
Karen's Cleaning Services
KBS II Pierre Laclede Center LLC
KCTCS Foundation Inc.
Kenergy
Kennametal Inc. Mining & Construction
Kentucky Athletics
Kentucky Utilities

Kentucky, Commonwealth of, Department
    of Revenue
Kentucky, Commonwealth of, Treasurer
Kentucky, Commonwealth of, Workers'
    Compensation Funding Commission
Kerco Inc.
Kerlick, Kathryn
King, Donald G.
Kings Great Buys Plus
Kirkland & Ellis LLP
Kitchen, Shawn
Kleinschmidt Inc.
KM Specialty Pumps & Systems Inc.
Knight, Mary Lee
Komatsu Financial Ltd.
Lamb, Justin
LanceCo. Inc.
Leader-News
Lee, D. David
Lewis, George W., Jr.
Lewis, Shannon L.
Lexington Coal Exchange
Likens & Sons Plumbing Supply
Lil Stevie's Pizza
Lindsey, Terry E.
Line Power Mfg. Corp.
Locke, Freddie
Logan Corp.
Logsdon, Joseph
Lovan, Jeffrey
Lovelace Farms Inc.
Lowenbaum Partnership LLC, The
Lowther, Richard
M&B Auto Parts
Macquarie Corporate & Asset Funding
Madisonville Auto Parts
Madisonville Community College
Madisonville Garage Door Inc.
Madisonville Supply Inc.
Madisonville Tire & Retreading Inc.
Madisonville, County of (KY), Municipal
    Utilities
Madisonville-Hopkins County Chamber of
    Commerce (KY)
MAEVA Group LLC
Magnum Drilling Services Inc.

Marlin Daugherty Steam Cleaning
Martin Engineering
Mason, Cameron B.
Mass Mutual Financial Group
Massoth, Dennis
Matheny, William D.
Mayo Manufacturing Co. Inc.
McCoy & McCoy Laboratories Inc.
McCrocklin, Judith
McCrocklin, Thomas, Jr.
McGehee, William M.
McKinney, David
McLanahan Corp.
McLean, County of (IN), Sheriff
McMaster-Carr
Melendez, Tony
Mercer
Mercer, James
Messenger, The
Metcalfe Landscaping & Garden
Meyer Printing
Michael, Joe
Midwest Battery & Supply Inc.
Midwestern Machine & Hydraulics
Miller & Wells PLLC
Miller Building Supply Inc.
Miller, Anthony
Miller, Brian
Miller, Jonathan
Mine Equipment & Mill Supply
Mine Power Systems Inc.
Mine Site Technologies USA Inc.
Minesafe Electronics Inc.
Mississippi Lime Co.
Modern Welding
Moody's Investors Service
Motion Industries
Muhlenberg County Water District (KY)
Muhlenberg, County of (KY), Court Clerk
Muhlenberg, County of (KY), Sheriff
Multivu
Myers, Debby
N&H Steaming LLC
Nalco Co.
Nash Marshall PLLC
National Armature & Machine

Neely, Frank H., Jr.
Netelligent Corp.
New Pig Corp.
New York Coal Trade Association
Nichols Electric Supply
Noel Properties LLC
Oakley Steel Products Co.
OAS Inc.
OB Moore
Ohio County Farm & Garden Center
Ohio County Hospital Corp.
Ohio County Motors LLC
Ohio County Times News
Ohio, County of (KY), Chamber of
    Commerce
Ohio, County of (KY), Clerk
Ohio, County of (KY), Sheriff
Oldham, Bobby
Oldham, Johnathan
One Health @ Work Madisonville
O'Neal Steel Inc.
OnX Managed Services Inc.
Onyett Fabricators Inc.
Oppegard, Tony
Overland Conveying Systems
Paducah & Louisville Railway
Paducah Blueprint & Supply Co.
Parrent, Darrin
Patterson, Richard
Paul Weiss Rifkind Wharton
Paul's Repair Shop Inc.
Pearce, Ann
Pearce, David L.
Pearce, Laurie
Pearce, Walter U.
Penrod, Bobby
Pentecost, Cary
Peterson Truck Center
Peveler, Terry
Peyton, William
Phelps, Bobby J.
Phelps, H. Brent
Phelps, Mark Anthony
Phillips, Gary
Pierce, Nancy
Pike, Christy

Pillar Innovations LLC
Pioneer Conveyor LLC
Pioneer Supply
Pitney Bowes Global Financial Service
Plunkett, John
Pollard & Sons Excavating LLC
Polydeck Screen Corp.
Power Technologies LLC
PowerPlan
PR Newswire
PR Newswire Association LLC
Preiser Scientific Inc.
Premier Scales & Systems
Propane 1 One Inc. of KY
Protiviti
Prudential Life Insurance Co.
Purchase Power
Purdy, David J.
Putman, Michael
Pyle, Ronnie
Quality Magnetite LLC
Quest Diagnostics Inc.
Quest Software Inc.
R.F. Roberts Construction Co. Inc.
Rajkovich Williams Kilpatrick
Ralph, Joseph L.
Ralph, Rose A.
Ramsey, Oscar
Ray Jones Trucking Inc
Ream, Patty
Reddy, Jason
Republic Services Inc.
Retarus Inc.
Rexel Inc.
Rhew, Walter
Richardson, Pamela Gabrielle
Richey, Curtis
Richwood Industries Inc.
Rickard, Marilyn
Ricoh USA Inc.
Rite-Crete Concrete Products
Roberts, Frank
Robison, Barbara
Roe, Joseph M.
Roe, Josephine
Roe, Sara K.

Rogers Group Inc.
Rogers, James L., III
Rogers, Mary M.
Rogers, Terry
Royal Brass & Hose
Ruby Concrete Co.
Rudd Equipment Co.
Rushing, Charles W., Jr.
Russell, Malcolm Steven
S&L Industries LLC
S&S Urethane Inc.
Sabia Inc.
Saint Louis Coal Club
Sansone Group
SAP America Inc.
Schalco Construction & Garage Doors
Schauenburg Flexadux Corp.
Scott Equipment Co. LLC
Service Radiator Inc.
SGS North America Inc.
Shanks, Jeff
Sharp, Ron
Shaw Heavy Equipment Repair Inc.
Sherwin-Williams
SHI International Corp.
Shred-It USA
Simmons Equipment Co.
Simpson, Aaron
Skyline Credit Ride Inc.
Slongs Industries LLC
Smith Fertilizer & Grain Co. Inc.
Smith, Roger
Smith-Manus
Sneed, Travis K.
Southard, Jerry
Special Mine Services
Spectrum Business
Sprint Print Inc.
St. Louis Parking Co.
Stafford Services
Standard & Poor's
Standard Laboratories Inc.
Staples Advantage
Star Industrial Supply Inc.
Star Mine Services Inc.
Star Rebuilders LLC

Staude, Virginia
Stenberg, Timothy L.
Steptoe & Johnson PLLC
Stites & Harbison PLLC
STM Associates
Stoll Keenon Ogden PLLC
Strata Equipment LLC
Strata Products USA LLC
Strata Safety Products LLC
Stratton, Sherry R.
Stringer, Denise
Sue Rogers Johnson Living Trust
Sumner, Douglas
Sunrise Coal LLC
Superior Metal Works Machine
Susman, Louis B.
Szymanski, Conrad
Szymanski, Ruth
T.H.E. Engineers Inc.
Tallman, Coy
Talmar LLC
Taylor, Charles
Tazz Conveyor Corp.
Terminix International
Thermo Environmental Inst. LLC
Thompson International Inc.
Thompson, Gordon L.
Thoroughbred Resources LP
Thoroughfare Mining - Survant
Tichenor, James R.
Time Warner Cable
Times-Argus, The
TorcUp Inc.
Total Compliance LLC
Trey K Mining & Electric Inc.
Tri-State Bearing Co. Inc.
Trivaco
Truck N Spring Repair
Trustmark Voluntary Benefit Solutions
Tungco Inc.
Twin Supply Inc.
Tyco Fire & Security (US) Management
UGM Addcar Systems LLC
Ultron Inc.
UniFirst Corp.
UniMeasure Inc.

Union County Water District (KY)
Union, County of (KY), Sheriff
United Central Industrial Supply Co.
United States, Government of the,
    Department of Labor, Mine Safety &
    Health Administration (MSHA)
United States, Government of the, Division
    of Enforcement
United States, Government of the, Internal
    Revenue Service
United States, Government of the, Louisville
    District Corps of Engineers
United States, Government of the, Office of
    Surface Mining Reclamation &
    Enforcement
United Way of the Coalfield
United Way of the Ohio Valley
Universal Protection Service LP
UPS
US Bank
US Bank Equipment Finance
Vardell, Jenna Carter
Varel International Inc.
VC's Pick-up & Delivery
Verizon Wireless
Vernon Corp., The
Veyance Industrial Services Inc.
Viewpoint Construction Software
Vigo Machine
Vincent, Richard
Wabash Marine Inc.
Walker, Greg A.
Wallace Auto Parts & Service Inc.
Wallace Electrical Systems LLC
Waller, Eric
Wal-Mart Business
WC Hydraulics LLC
Webster County Water District (KY)
Weikel, Leonard
Weir International Inc.
Wells Fargo Bank
Wells Fargo Equipment Finance
Wells Fargo Vendor Financial
Wells, Freddie K.
Wescott Steel Inc.
West Kentucky Pipe & Valve Inc.

West Kentucky Steel
West River Conveyors & Machinery
Westerfield, Amanda
Western Crane Service Inc.
Western Kentucky Mining Institute
Western Kentucky Royalty Trust
Whayne Supply Co.
Wheatley Scale Service Inc.
Whitco Enterprises Inc.
White, Donald R.
White, Mitchell
Whitehouse, Keith
Wiles, Jim
Wilhite, Marjorie Pearce
Williams, Cory
Williams, Tommy
Wilson, Chesley
Wilson, Larry G.
Wilson, Martin D.
Winnick, Jeffrey
Winton, Grady Lee, Jr.
Witherspoon, David
Witt's Heating & Cooling
WM E. Groves Construction Inc.
Woodruff Supply Co. Inc.
Woolen, Nick
Wynn-Jones Mining Tools LLC
XPO Logistics Freight Inc.
Xylem Dewatering Solutions Inc.
Yager Materials LLC
Yates, Anthony
Young, Nadean
Younker, Forrest A.
Zackery, Edward

## **EXHIBIT B**

**Engagement Agreement**

**Donlin, Recano & Company, Inc.**

STANDARD CLAIMS ADMINISTRATION AND NOTICING AGREEMENT

<u>TERMS AND CONDITIONS</u>

Donlin, Recano & Company, Inc. (hereinafter called "DRC") agrees to provide Armstrong Energy, Inc., including but not limited to any and all bankruptcy cases filed by any affiliate of Armstrong Energy, Inc. (hereinafter called the "Client") and Client agrees to purchase Services, (as defined below) upon the terms and conditions and other provisions stated herein. Client agrees and understands that none of the services constitute legal advice.

**1. <u>SERVICES</u>:** DRC agrees to provide the Client with consulting services regarding noticing and claims management and reconciliation, and any other services agreed upon by the parties or otherwise required by applicable law, government regulations, or court rules or orders. A more detailed description of the types of services offered by DRC, as well as the fees charged for such services, is annexed hereto as Schedule A.

**2. <u>CHARGES</u>:** All charges shall be based upon the time and materials incurred by DRC, billed at the DRC then prevailing standard rate unless another rate schedule is specifically and mutually agreed upon herein. DRC reserves its rights to adjust its standard rates in January of each year to reflect changes in the business and economic environment. In the event that rates are based other than on time and materials, and such other basis for rates is set forth herein, the Client agrees to pay, in addition to those rates, for all charges, incurred by DRC as a result of Client error or omission as determined by DRC. Such charges shall include but shall not be limited to re-runs and any additional clerical work, phone calls, travel expenses, or any other disbursements. When possible, DRC will notify Client in advance of any additional charges. Checks are accepted subject to collection and the date of collection shall be deemed the date of payment. Any check received from Client may be applied by DRC against any obligation owing by Client to DRC, and an acceptance by DRC of any partial payment shall not constitute a waiver of DRC's right to pursue the collection of any remaining balance. DRC requires advance deposits for all noticing, newspaper publishing or other significant expenditures as defined by DRC. In addition, Client shall reimburse DRC for all actual out-of-pocket expenses reasonably incurred by DRC. The out-of-pocket expenses may include, but are not limited to, postage, delivery services, travel, meals and other similar costs and expenses. In addition to all charges for services and materials hereunder, Client shall pay to DRC all taxes, however designated, levied or based that are applicable to this Agreement or are measured directly by payments made under this Agreement and are required to be collected by DRC or paid by DRC to taxing authorities. This provision, includes but is not limited to, sales, use and excise taxes, but does not include personal property taxes or taxes based on net income. In the event the Client files for protection pursuant to chapter 11 of title 11 of the United States Code, the parties intend that DRC shall be employed pursuant to 28 U.S.C §156(c), and that all fees and expenses due under this agreement shall be paid as administrative expenses of the Client's chapter 11 estate(s). In the event the Client's bankruptcy case(s) is converted to a chapter 7 case(s), any unpaid fees and costs with respect to this Agreement shall be treated as a chapter 11 administrative expense claim.

**3. <u>TRANSPORTATION OF DATA</u>:** Data submitted by the Client to DRC for processing shall be transported at the Client's risk and expense to and from the DRC office. In the event the Client fails to deliver the input data to DRC at the time scheduled, the Client agrees that DRC may extend, as necessary, the time for the completion of processing of such data. Client further agrees that the time for the completion or processing of such data may be extended because of the following holidays in addition to any Bank holidays recognized in the city in which DRC is located: New Year's Day, Memorial Day, Independence Day, Labor Day, Thanksgiving Day and Christmas Day. In any event, DRC does not warrant or represent that shipment or availability dates will be met, but will use its best efforts to do so. If DRC is required to stay open to perform required tasks on such days, an additional mutually agreed upon cost may be required by DRC.

DRC | Donlin Recano

**Donlin, Recano & Company, Inc.**

**4. EVERGREEN RETAINER & INVOICES:** At the commencement of this engagement, the Client shall pay to DRC an advance payment retainer (the "Retainer") in the amount of $25,000. The Retainer shall be an "evergreen" retainer and shall be applied to the payment of the final invoice from DRC for this engagement. DRC may apply the Retainer to any other invoice in its absolute discretion, and upon notice thereof from DRC, the Client shall replenish the Retainer. DRC will provide a discount of up to $11,000, to be credited against consulting fees only (i.e. not expenses) which are billed on the final invoice. To the extent that there are not $11,000 in consulting fees billed on the final invoice, we will extend the discount retroactively to one invoice immediately prior. if the ultimate and penultimate invoices do not together contain $11,000 in consulting fees, then the consulting fees on those two invoices will be waived in their entirety. Invoices for pre-petition services shall be paid in full, and may be satisfied, in the absolute discretion of DRC, out of the Retainer, which shall be replenished upon notice thereof to the Client. DRC, in its absolute discretion, may suspend or discontinue services after filing of a petition if pre-petition invoices are not paid in full, or if the Retainer is not replenished when request therefore is made. DRC may require the Client to increase the Retainer if the average amount of monthly invoices for three consecutive months is 10% greater than the amount of the Retainer. Client shall pay the charges set forth in Schedule A, attached hereto. DRC shall invoice the Client monthly for all services rendered during the preceding month. Charges for a partial month's service shall be prorated based on a thirty (30) day month. Terms are net 20 days following the date of billing. Failure to pay any fees, costs or other amounts to DRC shall be a breach of this Agreement (a "Failure to Pay"). Notwithstanding anything else contained in this Agreement, in the event of a Failure to Pay, DRC reserves the right to withhold reports and materials of the Client, in addition to all other remedies available to DRC. Upon a Failure to Pay, DRC may assess a late charge at a rate of one and one-half percent (1-1/2%) per month or the highest rate permitted by law, whichever is less, on all unpaid amounts until paid in full. DRC shall also have the right, at its option, to terminate this agreement for non payment of invoices after 30 days from the date unpaid invoices are rendered (a "Non-Payment Breach"). If the invoice amount is disputed, notice shall be given to DRC within ten (10) days of receipt of the invoice by the Client. The undisputed portion of the invoice will remain due and payable. Late charges shall not accrue on any amounts in dispute. Notwithstanding anything contained in this agreement to the contrary, a Failure to Pay shall under no circumstances be construed as an agreement by DRC to reduce or waive DRC's fees and expenses. The Client shall not agree or otherwise consent to a unilateral reduction or waiver of DRC fees and expenses without the explicit written consent of DRC and any such agreement or consent to such reduction or waiver by the Client without DRC's explicit written consent shall be deemed null and void and constitute a breach of this Agreement (a "Material Breach"). Notwithstanding anything contained in this agreement to the contrary, upon the occurrence of a Material Breach, DRC shall have the right, at its option, to terminate this agreement upon five (5) business days notice to the Client.

**5. STORAGE:** Client shall assume the risks and DRC shall not be responsible for any damages, liability or expenses incurred in connection with any delay in delivery of or damage to cards, disks, magnetic tapes or any input data furnished by Client unless DRC has agreed in writing to assume such responsibility. Forms storage at DRC beyond a normal 90 day supply will be billed at standard warehousing rates established by DRC.

**6. E-MAIL COMMUNICATIONS:** DRC and the Client and its agents acknowledge that they may wish to communicate electronically with each other at a business e-mail address. However, the electronic transmission of information cannot be guaranteed to be secure or error free and such information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete or otherwise be adversely affected or unsafe to use. Accordingly, each party agrees to use commercially reasonable procedures to check for the then most commonly known viruses and to check the integrity of data before sending information to the other electronically, but each party recognizes that such procedures cannot be a guarantee that transmissions will be virus-free. It remains the responsibility of the party receiving an electronic communication from the other to carry out a virus check on any attachments before launching any documents, whether received on disk or otherwise.

**7. SUPPLIES:** All supplies shall be furnished at Client's expense.

DRC | Donlin Recano

Donlin, Recano & Company, Inc.

**8. WARRANTY AND RELIANCE**:  Client acknowledges and agrees that DRC will take direction from the Client's representatives, employees, agents and/or professionals (collectively, the "Client Parties") with respect to services being provided under this Agreement.  Client and DRC agree that DRC may rely upon, and the Client agrees to be bound by, any requests, advice or information provided by the Client Parties to the same extent as if such requests, advice or information were provided by the Client.  DRC shall have the right to rely on the accuracy of all data provided by the Client and the Client Parties to DRC.  Client is responsible for the accuracy of all programs, data and other information it submits to DRC.  The DRC warranty under this agreement shall be limited to the re-running at its expense, of any inaccurate reports provided that such inaccuracies were caused solely as a result of performance hereunder and provided further that DRC shall receive written notice of such inaccuracies within thirty (30) days of delivery of such report. If said notice is not made to DRC within the prescribed time limit Client is due and liable for all charges. Client agrees that the foregoing constitutes the exclusive remedy available to it.

**9. TERM**:  This agreement shall be effective from the date upon which it is accepted by DRC as set forth herein and shall remain in force until terminated by either party upon thirty days' written notice to the other party or by DRC upon occurrence of a Non-Payment Breach or a Material Breach, as defined in paragraph 4 above.  In the event that a chapter 7 trustee, chapter 11 trustee or chapter 11 liquidating trustee is appointed, this agreement will remain in effect until an order of the Bankruptcy Court is entered discharging DRC from service and responsibility under this Agreement.  The payment obligation and the indemnity obligation set forth in sections 4 and 11 herein, respectively, shall survive termination of this Agreement.  In the event this Agreement is terminated, DRC shall coordinate with the Client and, to the extent applicable, the Office of the Clerk of the Bankruptcy Court, for an orderly transfer of record keeping functions and shall provide all necessary staff, services and assistance required for such orderly transfer.  Client agrees to pay for such services in accordance with DRC's then existing fees for such services.  If termination of this Agreement occurs following entry of an order by the Bankruptcy Court approving DRC's retention under 28 U.S.C. § 156 (c), then the Client shall immediately seek entry of an order (in form and substance reasonably acceptable to DRC) that discharges DRC from service and responsibility under this Agreement and 28 U.S.C. § 156 (c).

**10. TERMS OF AGREEMENT**:  The terms of this Agreement prevail over any and all terms contained in Client's purchase order or authorization and no waiver, discharge, or modification of the terms of this Agreement shall bind DRC unless in writing and signed by an authorized representative of DRC.

**11. INDEMNIFICATION**:  The Client shall indemnify and hold DRC and its affiliates, officers, directors, agents, employees, consultants, and subcontractors (collectively, the "Indemnified Parties") harmless, to the fullest extent permitted by applicable law, from and against any and all losses, claims, damages, liabilities, costs, obligations, judgments, causes of action, charges (including, without limitation, costs of preparation and attorneys' fees) and expenses as incurred (collectively, "Losses"), arising out of or relating to (a) this Agreement or DRC's rendering of services pursuant hereto (including any erroneous instructions or information provided to DRC by the Client or the Client Parties for use in providing services under this Agreement), (b) any breach or alleged breach of this Agreement by Client, or (c) any negligence or willful or reckless actions or misconduct of Client or Client Parties with respect to this Agreement, other than Losses resulting solely from DRC's gross negligence or willful misconduct.  Without limiting the generality of the foregoing, "Losses" includes any liabilities resulting from claims by third persons against any Indemnified Parties.  The Client shall notify DRC in writing promptly of the institution, threat or assertion of any claim of which the Client is aware with respect to the services provided by DRC under this Agreement. Such indemnity shall remain in full force and effect regardless of any investigation made by or on behalf of DRC and shall survive the termination of this Agreement until the expiration of all applicable statutes of limitation with respect to DRC's liabilities.

**12. CONFIDENTIALITY**:  Each of DRC and the Client, on behalf of themselves and their respective

### Donlin, Recano & Company, Inc.

employees, agents, professionals and representatives, agrees to keep confidential all non-public records, systems, procedures, software and other information received from the other party in connection with the services provided under this Agreement; provided, however, that if either party reasonably believes that it is required to produce any such information by order of any governmental agency or other regulatory body, it may, upon not less than five (5) business days' written notice to the other party, release the required information.

**13. OWNERSHIP OF PROGRAMS**:  Unless otherwise agreed in writing, all programs developed by DRC in connection with any services to be performed under this Agreement shall remain the sole property of DRC. All programs and/or systems documentation in the possession of DRC which DRC has agreed in writing to return to the Client, prepared for the Client by DRC, shall be returned to the Client upon demand providing all charges for such programming and/or systems documentation have been paid in full.

**14. SYSTEMS IMPROVEMENTS:**  DRC's policy is to provide continuous improvements in the quality of service to its clients.  DRC, therefore, reserves the right to make changes in operating procedures, operating systems, programming languages, application programs, time period of accessibility, equipment, and the DRC data center serving the Client, so long as any such changes do not materially interfere with ongoing services provided to the Client in connection with the Client's chapter 11 case.

**15. UNUSUAL MEASURES**:  Where the Client requires measures that are unusual and beyond the normal business practice and hours of DRC such as, but not limited to, CPA Audit, Errors and Omissions Insurance, and/or Off-Premises Storage of Data, the cost of such measures, if provided by DRC, shall be charged to the Client.  Said charges may be required in advance if DRC deems it appropriate.

**16. JURISDICTION.**  In the event that Client commences a case under title 11 of the United States Code, this Agreement shall be subject to approval by the United States Bankruptcy Court for the United States Bankruptcy Court for the Eastern District of Missouri (St. Louis) (the "Bankruptcy Court") and such court shall retain jurisdiction over all matters regarding this Agreement.

**17. FORCE MAJEURE.**  Whenever performance by DRC of any of its obligations hereunder is substantially prevented by reason of any act of God, strike, lock out or other industrial or transportational disturbance, fire, lack of materials, law, regulation or ordinance, war or war conditions, or by reasons of any other matter beyond DRC's reasonable control, then such performance shall be excused and this Agreement shall be deemed suspended during the continuation of such prevention and for a reasonable time thereafter.



### Donlin, Recano & Company, Inc.

**18.  NOTICE.**  Any notice or other communication required or permitted hereunder shall be in writing and shall be delivered personally, or sent by registered mail, postage prepaid, or overnight courier.  Any such notice shall be deemed given when so delivered personally, or, if mailed, five days after the date of deposit in the United States mail, or, if sent by overnight courier, one business day after delivery to such courier, as follows:  if to DRC, to Donlin, Recano & Company, Inc., 6201 15ᵗʰ Avenue, Brooklyn, NY 11219, Attention:  Alexander Leventhal, Esq.; if to the Client, to Ross M. Kwasteniet, Esquire, William A. Guerrieri, Esquire, and Travis M. Bayer, Esquire, Kirkland & Ellis,LLP, 300 North LaSalle, Chicago, IL, 60654 and Jonathan S. Henes, P.C., Kirkland & Ellis, 601 Lexington Avenue, New York, NY, 10022.

**19.  GOVERNING LAW.** This Agreement will be governed by and construed in accordance with the laws of the State of New York (without reference to its conflict of laws provisions).

**20.  SEVERABILITY.**  All clauses and covenants contained in this Agreement are severable and in the event any of them are held to be invalid by any court, such clause or covenant shall be valid and enforced to the maximum extent as to which it may be valid and enforceable, and this Agreement will be interpreted as if such invalid clauses or covenants were not contained herein.

**21.  ASSIGNMENT.** This Agreement and the rights and obligations of DRC and the Client hereunder shall bind and inure to the benefit of any successors or assigns thereto.

*[remainder of page intentionally blank]*



**Donlin, Recano & Company, Inc.**

**22. GENERAL:** The terms and conditions of this Agreement may be modified by DRC upon one (1) month's prior written notice to Client. Client will not employ any DRC employee within two (2) years from the termination of this Agreement. The term "this Agreement" as used herein includes any future written amendments, modifications, supplements or schedules duly executed by Client and DRC. This Agreement contains the entire agreement between the parties with respect to the subject matter hereof. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one in the same instrument. A facsimile copy, photocopy or imaged copy of this Agreement shall be considered an original copy. The Client shall file an application with the Bankruptcy Court seeking approval of this Agreement (the "Application"), the form and substance of which shall be reasonably acceptable to DRC. If an order is entered approving such Application (the "Order"), any discrepancies between this Agreement, the Application and the Order shall be controlled by the Application and Order.

Accepted and Approved:

Donlin, Recano & Company, Inc.
6201 15th Avenue
Brooklyn, New York 11219

By:            *Roland W. Tomforde*

Signature:     *Rladh, Taflo*

Title:         *COO*

Date:          *8/29/17*

Accepted and Approved:

Armstrong Energy, Inc.
7733 Forsyth Avenue
Suite 1625
St. Louis, MO 63015

By:            *Eric R. Waller*

Signature:     *C R Wll*

Title:         *VP, General Counsel & Secretary*

Date:          *7-13-17*

This Agreement is subject to the terms and conditions set forth herein. Client acknowledges reading and understanding it and agrees to be bound by its terms and conditions and further agrees that it is the complete and exclusive statement of the Agreement between the parties, which supersedes all proposals oral or written and other prior communications between the parties relating to the subject matter of this Agreement.

**Donlin, Recano & Company, Inc.**

**SCHEDULE A**
**Armstrong Energy, Inc.**
<u>**Fee Schedule**</u>



## Donlin, Recano & Company, Inc.

| Professional Service | Hourly Rates |
| --- | --- |
| Senior Bankruptcy Consultant | $175 |
| Case Manager | $140 |
| Technology/Programming Consultant | $110 |
| Consultant/Analyst | $90 |
| Clerical | $45 |
| **Noticing Service** | |
| Laser Printing/ Photocopies | $.08 per Image |
| Personalization/ Labels | WAIVED |
| Fax (Incoming) | WAIVED |
| Fax Noticing | $.08 per Page |
| Postage and Overnight Delivery | At Cost |
| Electronic Noticing | WAIVED |
| Publication Services | At Cost |
| **Solicitation, Balloting, Schedule/SOFA** | |
| Print and Mail Ballots/Plan Disbursements | Print/hourly fees above – Plan/DS media varies |
| Set-up Tabulation & Vote Verification | $90 - $175 as needed |
| Public Securities Solicitation | N/A |
| Schedule/SOFA preparation | $90 - $195 per Hour |
| **Claims Docketing and Management** | |
| Website Development | $90 per Hour |
| Web Hosting | WAIVED |
| Creditor Data Storage/ Electronic Document Storage | $.05 per record monthly |
| Document Imaging | $.08 per Image |
| Electronic Claims filing | No Set-up charge or per claim charge |
| **Data Room Services** | |
| DRC DocuLinks™ Virtual Data Room Services | Hosting WAIVED |
| Data Room Development | $90 per Hour |
| **Miscellaneous** | |
| Out-of-Pocket Expenses (including any required travel) | At Cost |
| Call Center Operators | $65 per hour |

DRC  Donlin Recano

www.donlinrecano.com