UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) Chapter 11 |
| ARMSTRONG ENERGY, INC., *et al.*[1] | ) |
| | ) Case No. 17-47541-659 |
| DEBTORS. | ) |
| | ) (Jointly Administered) |

**LIMITED OBJECTION OF LOUISVILLE GAS AND ELECTRIC COMPANY AND KENTUCKY UTILITIES COMPANY TO CONFIRMATION OF DEBTORS' SECOND AMENDED JOINT CHAPTER 11 PLAN AND RELATED DOCUMENTS**

Louisville Gas and Electric Company ("LG&E") and its affiliate, Kentucky Utilities Company ("KU"), by and though undersigned counsel, hereby file this Limited Objection (the "Limited Objection") to Debtors' Second Amended Joint Chapter 11 Plan [Doc. No. 384] including the First Amendment to the Plan Supplement [Doc. Nos. 367, 406] (the "Amended Plan Supplement") and the Notice of (A) Executory Contracts and Unexpired Leases to be Assumed by the Debtors Pursuant to the Plan, (B) Cure Amounts, if any, and (C) Related Procedures in Connection Therewith [Doc. Nos. 368, 383], all as amended (collectively, the "Plan"). In support of the Limited Objection, LG&E and KU respectfully state as follows:

**PRELIMINARY STATEMENT**

1. A material aspect of the Plan is the Debtors' anticipated assumption of contracts under which they sell coal to LG&E and KU and the assignment of those contracts to an affiliate ("NewCo") of Knight Hawk Holdings, LLC ("Knight Hawk") and certain secured creditors of the Debtors. The Debtors, Knight Hawk, LG&E and KU have negotiated an agreement in principle regarding the terms of those assumptions and assignments, but are still memorializing

---

[1] The Debtors in these cases are: Armstrong Energy, Inc.; Western Land Company, LLC; Armstrong Coal Sales, LLC; Armstrong Air, LLC; Armstrong Logistics Services, LLC; Thoroughfare Mining, LLC; Western Diamond LLC; Armstrong Coal Company, Inc.; and Armstrong Energy Holdings, Inc.

those discussions and resolving the last points. As a result, the Plan does not yet reflect the anticipated assignment terms. LG&E and KU object to the assumption and assignment of any contracts to which either is party, and to confirmation of any Chapter 11 plan, on any terms affecting either of them other than those now being memorialized. This Limited Objection is likely to be resolved in the near future with additional language in a new version of the Plan, in a confirmation order, or both. However, absent that consensual resolution LG&E and KU reserve the right to amend this Limited Objection in whole or part.

## BACKGROUND

2. LG&E and KU are state-regulated utilities based in the Commonwealth of Kentucky. Each purchases coal from the Debtors pursuant to certain coal supply agreements. LG&E and KU are believed to be the Debtors' largest customers and would be material customers of Newco. Additionally, KU provides electricity to certain of the Debtors and likely will provide it to Newco after any sale of Debtor assets to it.

3. As set forth in the Plan, the Debtors intend to assume and assign to NewCo the following contracts for the purchase of coal to which LG&E and KU are both parties (collectively, the "Coal Supply Agreements"):

    A. Coal Supply Agreement dated September 1, 2015, as amended, designated as Contract No. J16017 ("Contract No. J16017");

    B. Coal Supply Agreement dated September 1, 2016, as amended, designated as Contract No. J18002 ("Contract No. J18002");

    C. Coal Supply Agreement dated January 1, 2013, as amended, designated as Contract No. J14004 ("Contract No. J14004");

    D. Coal Supply Agreement dated January 1, 2014, as amended, designated as Contract No. J14010 ("Contract No. J14010"); and

    E. Coal Supply Agreement dated September 1, 2014, as amended, designated as Contract No. J16003 ("Contract No. J16003").

4. Furthermore, as forth in the Plan, the Debtors intend to assume and assign to NewCo that certain Purchase and Sale Agreement dated December 3, 2012 which is believed to provide for a sale of real property from one of the Debtors to KU (the "Land Sale Agreement"). Finally, the Plan Supplement also lists the following real estate interests in Ohio County, Kentucky, to which KU is a party, and that the Debtors propose to assume and assign to NewCo (the "Real Estate Interests"), some of which may relate to the Land Sale Agreement:

    A. Transmission Line Easement dated April 14, 2011 of record in Ohio County, Kentucky Clerk's Office at D389, PG461;

    B. Transmission Line Easement dated February 17, 2012 of record in Ohio County, Kentucky Clerk's Office at D395, PG791;

    C. Deed (Matanzas Substation) dated December 10, 2012 of record in in Ohio County, Kentucky Clerk's Office at D397, PG668; and

    D. Easement Agreement dated December 10, 2012 of record in in Ohio County, Kentucky Clerk's Office at D397, PG673.

5. The Debtors allege that there is no cure cost associated with any of the Coal Supply Agreements, the Land Sale Agreement or the Real Estate Interests. See Plan Supplement.

6. Debtors cannot assume and assign executory contracts under changed terms without the approval of counterparties. 11 U.S.C. § 365. Knight Hawk and NewCo want to take the contracts with certain amendments. Here, LG&E and KU have been negotiating with the Debtors, Knight Hawk, and NewCo regarding changes that would allow LG&E and KU to consent to the proposed assignments.

7. LG&E and KU have been in discussions with the Debtors, Knight Hawk, and others regarding the terms of assignments and assumptions of certain of the Coal Supply Agreements to which LG&E and KU could consent. Those discussions principally involve amendments to certain of the Coal Supply Agreements—specifically Contract Nos. J14010,

3

L16017, and J18002—and the parties are working diligently to finalize those amendments and related documents as a condition precedent to the proposed assumption and assignment. Upon information and belief, Knight Hawk and NewCo are not interested in taking assignment of the remaining Coal Supply Agreements—specifically Contract Nos. J16003 and J14004.

8. Moreover, LG&E, KU, and Knight Hawk have not finalized discussions concerning the Land Sale Agreement or the Real Estate Interests and have not yet agreed as to whether they are executory or that there are no cure costs related to their proposed treatment.

9. The Plan also provides that the Debtors will retain all rights to utility deposits, including the pre-petition utility deposit held by KU, even though KU has already applied that deposit to prepetition amounts due and owing pursuant to 11 U.S.C. § 366. Also, through respective counsel, KU and the Debtors have negotiated a postpetition adequate assurance deposit ("Adequate Assurance Deposit") which should be roughly equivalent to one-month's usage of electricity provided by KU. However, a final agreement concerning the Adequate Assurance Deposit has not been finalized or funded.

## LIMITED OBJECTION

10. Because negotiations are ongoing, the Plan does not yet reflect that none of LG&E, KU, Knight Hawk, or NewCo, consents to the assumption and assignment of any of the Coal Supply Agreements without the material amendments that are being negotiated. These parties and the Debtors expect to finalize certain amendments to Contract Nos. J14010, L16017, J18002, and related documents in the near future. Once the necessary parties have conclusively agreed to the amendments, those amendments and related documents will need to be set forth, referenced, or otherwise contained in the Plan or in a tendered confirmation order in a form reasonably acceptable to LG&E, KU, Knight Hawk, and Newco.

11. Additionally, the Plan asserts that there are no cure costs for assumption of the Coal Supply Agreements. However, among other issues, LG&E and KU have ordinary-course true-up rights and obligations (such as relating to the actual BTU, quality, or other physical characteristics of coal shipments in each month) under those contracts. Further, they have withholding and offset rights under each of the Coal Supply Agreements in the amount of any other funds due from the coal seller party to LG&E and KU. Given the Debtors' rejection of a prior contract with LG&E/KU and the resulting damage claim in excess of $7 million, there is a very material cure cost for the other contracts absent LG&E's and KU's agreement otherwise.

12. Despite what is contained in the Plan, it appears that neither Knight Hawk nor NewCo has any expectation that Contract Nos. J16003 and J14004 will be assumed or assigned, even though the Plan suggests they will be. That issue requires clarification. Further, LG&E and KU do not yet agree that those contracts are executory or that the cure amount is $0, and thus, objects to the assumption and assignment of those contracts absent terms reasonably acceptable to them, but will continue working with the relevant parties in an attempt to reach on consensual resolution concerning those agreements.

13. Additionally, LG&E and KU are still addressing with Knight Hawk, the Debtors, and NewCo the proposed assumption and assignment of the Land Sale Agreement and the Real Estate Interests. As such, LG&E and KU cannot yet agree that those contracts are executory or that there are no cure amounts owed under them. Thus, LG&E and KU object to the assumption and assignment of those contracts absent terms acceptable to them, but will continue working with the relevant parties in an attempt to reach a consensual resolution concerning those agreements.

14. The Plan or any order confirming it should specify that KU is permitted to get and

5

hold the Adequate Assurance Deposit post-confirmation or some other arrangement concerning the Adequate Assurance Deposit and treatment of any pre-petition deposit is made and memorialized in a form reasonably acceptable to KU.  Additionally, such language should clarify which parties are responsible for utility payments pre- and post-confirmation, so that they are fully covered.

15. LG&E and KU further object to the broad releases and exculpation provisions provided in the Plan to the extent they do not conform or are in conflict with the obligations and terms of the agreements for the assumption and assignment of contracts with LG&E and KU now being negotiated among Knight Hawk, NewCo, and the Debtors.

16. In addition to the foregoing, LG&E and KU reserve their rights with respect to the Plan, to supplement this Limited Objection, and to appear and be heard at any confirmation hearing.

## CONCLUSION

**WHEREFORE**, LG&E and KU respectfully request that the Court (i) deny confirmation of the Plan and assumption and assignment of any contracts to which they are parties in the Plan's present form; (ii) enter a confirmation order, revised plan, or both that are consistent with LG&E and KU's agreements with relevant parties which are being memorialized, and (iii) grant such other relief as the Court deems just and proper.

Respectfully submitted,

STOLL KEENON OGDEN PLLC
(*admitted pro hac vice*)

/s/ Adam M. Back
Lea Pauley Goff
500 West Jefferson Street, Ste. 2000
Louisville, Kentucky  40202
Telephone: (502) 568.5731
E-mail: lea.goff@skofirm.com

6

Adam M. Back
300 West Vine Street, Ste. 2100
Lexington, Kentucky 40507
Telephone: (859) 231-3910
E-mail: adam.back@skofirm.com

-and-

BROWN & JAMES P.C.

/s/ Matthew G. Koehler
Matthew G. Koehler
800 Market Street, Ste. 1100
St. Louis, Missouri 63101
Telephone: (314) 421-3400
E-mail: mkoehler@bjpc.com

*Counsel for Louisville Gas and Electric Company and Kentucky Utilities Company*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was served on this 18th day of January, 2018, electronically upon all parties having entered an appearance in this case in accordance with the method established under this Court's CM/ECF Administrative Procedures, and to the following parties via overnight Federal Express delivery:

Kirkland & Ellis LLP
300 North LaSalle
Chicago, Illinois 60654
Attn: Ross M. Kwasteniet,
William A. Guerrieri, Travis M. Bayer, and
Timothy R. Bow
**Counsel to the Debtors**

Morrison & Foerster LLP
250 West 55th Street
New York, New York 10019
Attn: Lorenzo Marinuzzi,
Jonathan L. Levine, Jennifer L. Marines, and
Daniel J. Harris
**Counsel to the Creditors' Committee**

Loeb & Loeb LLP
345 Park Avenue
New York, New York 10154
Attn: Vadim J. Rubenstein
**Counsel to the Indenture Trustee Under the Debtors' Prepetition Secured Notes**

Jackson Kelly PLLC
221 N.W. Fifth Street
Evansville, Indiana 47708
**Counsel to Knight Hawk**

Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, New York 10019-6064
Attn: Brian S. Hermann and Elizabeth R. McColm
**Counsel to the Ad Hoc Group of Holders of the Senior Notes**

Armstrong Teasdale LLP
7700 Forsyth Boulevard, Suite 1800
St. Louis, Missouri 63105
Attn: Richard W. Engel, Jr., Erin M. Edelman, and John G. Willard
**Co-Counsel to the Debtors**

Affinity Law Group, LLC
1610 Des Peres Road, Suite 100
St. Louis, Missouri 63131
Attn: J. Talbot Sant, Jr.
**Co-Counsel to the Creditors' Committee**

Office of the United States Trustee
for the Eastern District of Missouri
111 South 10th Street, Suite 6353
St. Louis, Missouri 63102
Attn: Leonora S. Long

Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, New York 10019
Attn: Matthew A. Feldman and
Debra C. McElligott
**Counsel to Thoroughbred**

Carmody MacDonald P.C.
120 South Central Avenue, Suite 1800
St. Louis, Missouri 63105
Attn: Christopher J. Lawhorn
**Co-Counsel to the Ad Hoc Group of Holders of the Senior Notes**

8

/s/ Adam M. Back
Counsel for Louisville Gas and Electric Company and Kentucky Utilities Company

400001.158575/7633813.4

9