UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

IN RE:

ARMSTRONG ENERGY, INC., ET AL.,        CHAPTER 11

　　　　　DEBTORS                                  CASE NO. 17-47541-659
                                                 JOINTLY ADMINISTERED

**OBJECTION TO DEBTORS' SECOND
AMENDED JOINT CHAPTER 11 PLAN**

David Cobb ("Cobb"), a creditor of Armstrong Energy Holdings, Inc., Armstrong Coal Company, Inc., Western Land Company, LLC, and Western Diamond, LLC ("Debtors"), hereby objects to Debtors' Second Amended Joint Chapter 11 Plan [Docket No. 384] (the "Plan") and to the sale transaction provided for therein (the "Sale Transaction"). In support of this Objection, Cobb states as follows:

1. On December 3, 2008, Cobb and the Armstrong Parties entered into an amended overriding royalty agreement between Cobb and Western Land Company, LLC and others (the "Royalty Agreement"). Copies of the short form of the Royalty Agreement are attached hereto as Exhibit A.

2. The Plan provides that the Sale Transaction shall convey the Transferred Assets to NewCo free and clear of all Liens, Claims, charges, and other encumbrances pursuant to sections 363 and 1123 of the Bankruptcy Code. Plan, Article IV, Section B.2.

3. The Plan further provides that all holders of claims shall be deemed, regardless of their consent or lack thereof, to release the Released Parties from any and all claims and obligations whatsoever relating to or arising from the Debtors, the Estates or the conduct of the

9309657.1

Debtors' businesses. The term "Released Parties" is defined to include non-Debtors, including, without limitation, Thoroughbred Resources, L.P., and its Affiliates. Plan, Article X, Section D.

4. Cobb objects to the Plan on the ground that the Plan does not contain sufficient information for Cobb to analyze properly the Plan's effect on Cobb's overriding royalty interest evidenced by the Royalty Agreement. Specifically, the Plan, in Article IV, provides that the Debtors, pursuant to the Transaction Agreement, will consummate the Sale Transaction by transferring certain assets to NewCo free and clear of all encumbrances, except for Permitted Encumbrances. [Docket No. 384]. "Permitted Encumbrance" is defined in the Plan to have the meaning set forth in the Transaction Agreement. The Transaction Agreement defines "Permitted Encumbrances" to include "overriding royalty agreements that encumber real property . . . [as] set forth on Schedule 1.1A" and certain rights set forth on Schedule 1.1B thereto. Debtors have failed to attach these schedules to their filings. To the extent Cobb's overriding royalty interest is intended not to be included as Permitted Encumbrances, Cobb objects on the basis that selling the Debtors' assets free and clear of any encumbrances violates 11 U.S.C. 363(f), and therefore, the Plan does not comply with 11 U.S.C. 1129(a)(1).

5. A proposed modification to the Plan (or related materials) that would resolve the objection set forth in paragraph 4 above would be that the Debtors file Schedules 1.1A and 1.1B to the Transaction Agreement and include therein a reference acceptable to Cobb to his overriding royalty agreement and amendments.

6. Cobb further objects to the Plan on the basis that it includes third-party, non-debtor releases to which Cobb and other creditors have not consented. While the United States Court of Appeals for the Eighth Circuit has not ruled on the propriety of non-consensual third-party releases, several other circuits have concluded that non-consensual, third-party releases are

2

impermissible, and this Court should conclude similarly. In the event this Court were to conclude that non-consensual, third-party releases may be permissible under appropriate circumstances, the Debtors have not met their burden of demonstrating that exceptional circumstances exist to warrant approval of the non-consensual, third-party releases in the Debtors' Plan.

7. A proposed modification to the Plan (or related materials) that would resolve the objection set forth in paragraph 6 above would be that the Debtors include in the Plan or the order confirming the Plan a provision that, notwithstanding any other provisions of the Plan, nothing in the Plan shall affect any obligation or liability of Western Mineral Development, LLC, Ceralvo Holdings, LLC, or Ceralvo Resources, LLC, or any other non-Debtor person or entity, from any obligation or liability that it may now have or hereafter owe to Cobb pursuant to the Royalty Agreement and Kentucky law applicable thereto.

Wherefore, Cobb respectfully requests that confirmation of the Plan be denied unless the foregoing objections are resolved to the satisfaction of Cobb.

Respectfully submitted,

SANDBERG PHOENIX & von GONTARD P.C.

By:   /s/ Scott Greenberg
Scott Greenberg, MO Bar: 33575, Fed Bar: 33575MO
600 Washington Avenue - 15th Floor
St. Louis, MO  63101-1313
(314) 231-3332
(314) 241-7604 Fax
sgreenberg@sandbergphoenix.com

3

9309657.1

**CERTIFICATE OF SERVICE**

       The undersigned counsel states that the foregoing was served through the Court's CM/ECF system on all parties entering appearances in the case and by electronic mail on this 19th day of January 2018, upon the parties set forth below:

Travis M. Bayer
Timothy M. Bow
William A. Guerrieri
Ross M. Kwasteniet
Kirkland & Ellis, LLP
300 N. LaSalle Street
Chicago, IL 60654
Travis.bayer@kirkland.com
Timothy.bow@kirkland.com
wguerrieri@kirkland.com
ross.kwasteniet@kirkland.com
(Debtors' Counsel)

Lorenzo Marinuzzi
Jonathan L. Levine
Jennifer L. Marines
Daniel J. Harris
Morrison & Foerster LLP
250 West 55th Street
New York, NY 10019
lmarinuzzi@mofo.com
jonlevine@mofo.com
jmarines@mofo.com
dharris@mofo.com
(Creditors' Committee Counsel)

Vadim J. Rubenstein
Loeb & Loeb LLP
345 Park Avenue
New York, NY 10154
vrubinstein@loeb.com
(Indenture Trustee's Counsel)

Charles A. Compton
Jackson Kelly PLLC
221 N.W. Fifth Street
Evansville, IN 47708
charles.compton@jacksonkelly.com
(Counsel for Knight Hawk)

Erin M. Edelman
Richard W. Engel, Jr.
John G. Willard
Armstrong Teasdale LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, MO 63105
eedelman@armstrongteasdale.com
rengel@armstrongteasdale.com
(Debtors' Co-Counsel)

J. Talbot Sant, Jr.
Affinity Law Group, LLC
1610 Des Peres Road, Suite 100
St. Louis, MO 63131
tsant@affinitylawgrp.com
(Creditors' Committee Co-Counsel)

Leonora S. Long
Office of the U.S. Trustee
111 S. 10th Street, Suite 6353
St. Louis, MO 63102
Leonora.long@usdoj.gov
(United States Trustee)

Debra McElligott
Matthew Feldman
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019-6099
dmcelligott@willkie.com
mfeldman@willkie.com
(Counsel for Thoroughbred)

4

9309657.1

| | |
|---|---|
| Brian S. Hermann<br>Elizabeth R. McColm<br>Paul, Weiss, Rifkind, Wharton & Garrison LLP<br>1285 Avenue of the Americas<br>New York NY 10019<br>bhermann@paulweiss.com<br>emccolm@paulweiss.com<br>(Counsel for Ad Hoc Secured Noteholders) | Christopher J. Lawhorn<br>Carmody MacDonald P.C.<br>120 S. Central Ave., Suite 1800<br>St. Louis, MO 63105<br>cjl@carmodymacdonald.com<br>(Co-counsel for Ad Hoc Secured Noteholders) |

/s/  Robin Hileman

THIS DOCUMENT WAS ELECTRONICALLY FILED

9309657.1